Declaration of Dean R. Nicyper

Flemming Zulack Williamson Zauderer LLP
One Liberty Plaza
New York, New York 10006
(212) 412-9500
Dean R. Nicyper, Esq. (DRN-7757)

Attorneys for Plaintiff Earl Davis

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
EARL DAVIS,

                Plaintiff,

   -against-

SALANDER O'REILLY GALLERIES LLC
f/k/a SALANDER O'REILLY GALLERIES INC.,
and LAWRENCE B. SALANDER

                Defendants.
------------------------------------------------------------------ X

Index No. 07 Civ. 4165 (SHS) (DF)

**DECLARATION OF
DEAN R. NICYPER
IN SUPPORT OF MOTION
FOR A PRELIMINARY
INJUNCTION AND
EXPEDITED DISCOVERY**

DEAN R. NICYPER declares under the penalties of perjury as follows:

1.    I am admitted to practice law in the State of New York and am a member of Flemming Zulack Williamson Zauderer LLP, attorneys for plaintiff, Earl Davis ("Davis" or "Plaintiff") in this action. I am fully familiar with the facts set forth in this declaration in support of the Order to Show Cause for Plaintiff's Motion for a Preliminary Injunction and Expedited Discovery against Defendants Salander O'Reilly Galleries, LLC (f/k/a Salander O'Reilly Galleries, Inc.) ("SOR" or the "Gallery") and Lawrence B. Salander ("Salander") (SOR and Salander are referred to herein collectively as "Defendants".) A copy of the Complaint is attached hereto as Ex. 1.

2.    Shortly after our firm was retained by Plaintiff, I met several times with the Gallery. The meetings continued for several weeks (we met March 28, 2007, April 4,

295304

2007, April 10, 2007 and April 18, 2007). At the meetings, I requested invoices for all sales of any of the works of art Plaintiff had delivered to the Defendants (the "Works"). At a meeting on April 18, 2007, Defendants provided invoices for 42 of the 73 Works that Defendants had listed as having been sold at purportedly specified prices on a February 2, 2007 list, which Defendants previously had provided to Plaintiff (the "February 2, 2007 List"). At the same time, Defendants handed to me a modified version of the February 2, 2007 List. The new list contained handwritten notes identifying those Works for which Defendants were producing sales invoices (the "Annotated List"). (A copy of the Annotated List with attached copies of all invoices Defendants provided at that time is attached hereto as Ex. 2.)

    3. The Defendants told me that they were unable to locate any invoices for sales of any of the other 74 Works, even though the lists they had provided to Plaintiff identified sale prices for at least 31 Works in addition to the 42 Works for which Defendants did produce invoices.

    4. The inventory lists Defendants provided to Plaintiff this year all show that Defendants sold many of Plaintiff's Works years ago for millions of dollars in the aggregate, although Defendants never paid Plaintiff any of the proceeds from those sales. During that same time, in contrast, Defendants paid millions of dollars to others, as is demonstrated in part in pleadings filed against Defendants in the following other actions:

    a. To settle a claim by Compagnie de Beaux Arts Ltd. ("CBA"), the Gallery paid CBA $475,000 in the period November 30, 2005 to January 31, 2006. The Gallery owed an additional $635,000. The lawsuit by Compagnie against the Gallery, filed February 2, 2006, has since been settled and therefore all or some of that

295304

2

$635,000 amount appears to have been paid since January 2006. (Complaint and attachments in Compagnie de Beaux Arts, Ltd v. Salander O'Reilly Galleries LLC, 06/600338 (Sup. Ct. N.Y. Co.), a copy of which is attached hereto as Ex. 3.)

  b. On March 16, 2005, the Gallery purchased an Edouard Manet painting and a sculpture from Renaud-Giquello & Associes for EUR 489,149.58, and paid EUR 146,745 on that date. A lawsuit Renaud-Giquello filed against the Gallery on February 28, 2006 for the remaining amount has now been settled, and therefore it appears that all or some of the remaining EUR 342,404.58 has been paid since the complaint was filed. (Complaint in Renaud-Giquello & Associes v. Salander O'Reilly Galleries LLC, 06/600661 (Sup. Ct. N.Y. Co.), a copy of which is attached hereto as Ex. 4.)

  c. The Gallery purchased a sculpture from Dougal Arts Limited on March 1, 2004, for EUR 850,000, and Defendants paid EUR 400,000 to Dougal on March 9, 2004. A lawsuit Dougal Arts filed against the Gallery for nonpayment of the remainder has now been settled and therefore it appears that the Gallery paid all or some of the remaining EUR 450,000 to Dougal since the filing of a pre-trial memorandum in the action on November 7, 2006. (Pre-trial memorandum in Dougal Arts Limited v. Salander O'Reilly Galleries, LLC, 05 Civ. 5299 (WHP) (SDNY), a copy of which is attached hereto as Ex. 5.)

  d. The Gallery guaranteed a purchase by Salander of a Charles Sheeler painting, titled *New Haven,* on April 1, 2005, from Saundra Lane for $9,173,261. One or both of the Defendants paid Saundra Lane $2,850,770 between April 1, 2005 and April 19, 2006. A lawsuit by Ms. Lane against the Gallery and

Salander for the remainder of the money (the "Lane v. Salander Action") apparently is ongoing. (Verified Complaint and attachments in Saundra B. Lane v. Lawrence Salander and Salander O'Reilly Galleries, LLC, 06-40178 (D. Mass.), a copy of which is attached hereto as Ex. 6.)

   e. Defendant Salander paid a contractor $374,388.05 for renovations to his New York apartment between June 2004 and June 19, 2006, the date a complaint was filed against Salander by the contractor. (Complaint in Timothy Landing, Inc. et ano v. Lawrence Salander, et ano, 06/602179 (Sup. Ct. N.Y. Co.), a copy of which is attached hereto as Ex. 7.)

   5. In the Lane v. Salander Action, counsel for the Gallery and Lawrence Salander represented to the court that they have "a liquidity crisis," and their counsel expressed concern that their "house of cards will collapse." See Transcript of April 13, 2007 Proceedings, in Lane v. Salander, CA No. 06-40178-FDS, at pages 5 and 7 (attached hereto as Ex. 8).

   6. A recent search of Uniform Commercial Code ("UCC") financing statements revealed that in 2006 Defendants pledged at least fourteen of Plaintiff's Works as collateral to secure Defendants' own debt obligations. (See chart of the fourteen works and copies of the UCC #1 Financing Statements, attached hereto as Ex. 9.)

   7. The purpose of the meetings between Defendants and me in March and April of this year was to negotiate alternative methods for Defendants to make payments of at least some of the amounts Defendants owe to Plaintiff.

   8. We negotiated various terms to resolve some of the obligations, and drafted agreements reflecting those terms. After postponing signing for weeks, however,

Defendant Salander never in fact signed any of the agreements which would have addressed at least some of the claims in this action.

9. Plaintiff will suffer substantial, immediate and irreparable injury and damages if Defendants are not (i) enjoined from continuing to sell or encumber the Works; (ii) mandated to return to Plaintiff all unsold Works; and (iii) directed to segregate in a separate bank account and deliver to Plaintiff all proceeds that Defendants already have and may receive from sales of Plaintiff's Works. Moreover, as set forth in further detail in the accompanying Memorandum of Law, Plaintiff is substantially likely to prevail on his claims against Defendants because, under Article 12 of the New York Arts and Cultural Affairs Law, Defendants hold the Works and any proceeds from the sale of such Works in trust for the benefit of Plaintiff, and Defendants have no rights to those Works or sales proceeds.

10. Plaintiff has no adequate remedy at law.

11. The harm that will be sustained by Plaintiff if the requested injunction is denied far outweighs the prejudice to Defendants if the requested injunction is granted.

12. Accordingly, we respectfully request that this Court (A) award preliminary injunctive relief to Plaintiff, pending final determination of this action, by entering a judgment and order: (1) enjoining Defendants from selling or otherwise disposing of or encumbering any of Plaintiff's Works and from using any proceeds from sales of those Works for Defendants' own purposes; (2) mandating that Defendants retrieve and deliver to Plaintiff all unsold Works, and segregate in a separate bank account and deliver to Plaintiff all proceeds that Defendants already have received from sales of Plaintiff's Works; and (3) segregate in a separate bank account and deliver to Plaintiff immediately upon receipt all incoming installment payments that constitute proceeds from prior sales of Plaintiff's Works.

13. We additionally respectfully request that this Court (A) authorize immediate service of (i) Plaintiffs' First Document Requests to Defendants; and (ii) subpoenas to the dealers and galleries to which Defendants sent Plaintiff's Works (copies of the proposed Document Requests To Defendant SOR and proposed form of Subpoena with Schedule A annexed thereto, are attached hereto as Ex. 10); and (B) authorize expedited discovery upon issuance of the preliminary injunction to further: (i) locate all of the Works and proceeds from sales of any Works; (ii) determine which of the Works have been sold and for what amount; (iii) identify all persons and entities that owe installment payments on any previously sold Works; and (iv) locate any of the Works that were improperly pledged as collateral by Defendants.

14. Pursuant to Local Rule 6.1(d), Plaintiff states that he brought this motion by order to show cause because the very nature of the relief requested (namely, preliminary injunctive relief and expedited discovery) and the circumstances here (where the risk of irreparable harm increases significantly as time passes) necessitate that this motion be heard on an accelerated basis.

15. No prior request has been made for the relief sought herein.

16. THEREFORE, for the above reasons and for all the reasons set forth in the accompanying Memorandum of Law and Declaration of Earl Davis, Plaintiff respectfully requests that the Court grant the requested preliminary injunction and expedited discovery.

I hereby declare under penalty of perjury that the foregoing is true and correct.

Executed on: June 27, 2007
New York, New York

_____
DEAN R. NICYPER

295304                                6