UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
EARL DAVIS,                                    :
                       Plaintiff,       :
                                 :
          -against-                    :    07-CV-4165 (SHS) (DF)
                                 :
SALANDER O'REILLY GALLERIES LLC              :    ANSWER
f/k/a SALANDER O'REILLY GALLERIES            :
INC.,                                         :
and LAWRENCE B. SALANDER                     :
                      Defendants.    :
------------------------------------x

      Defendants Salander O'Reilly Galleries LLC f/k/a Salander O'Reilly Galleries Inc. ("Galleries") and Lawrence B. Salander ("Salander") by and through their attorneys, Winston & Strawn LLP, answers the Complaint as follows:

      1.     Deny the allegations contained in paragraph 1, except state that upon information and belief Plaintiff is the son and heir of the American artist Stuart Davis and has had an ongoing business relationship with Defendants for a number of years, and except to the extent Plaintiff's allegations constitute conclusions of law to which no response is required.

      2.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2.

      3.     Admit the allegations contained in paragraph 3.

      4.     Admit the allegations contained in paragraph 4.

      5.     Deny the allegations contained in paragraph 5, except admit that Defendant Galleries is a New York limited liability company with its principal place of business in New York, New York, and Salander is an individual and a New York resident, and Plaintiff purports

to assert jurisdiction as stated therein, and except to the extent Plaintiff's allegations constitute conclusions of law to which no response is required.

6. Deny the allegations contained in paragraph 6, except admit that Plaintiff purports to assert venue as stated therein, and except to the extent Plaintiff's allegations constitute conclusions of law to which no response is required.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7.

8. Deny the allegations in paragraph 8, except admit that Galleries is located 22 East 71 Street, New York, New York 10021 near Fifth Avenue, and further admit that Salander is the Managing Director of the Galleries.

9. Deny the allegations contained in paragraph 9, except state Galleries has engaged in business transactions with Plaintiff in the past.

10. Deny the allegations contained in paragraph 10, except state that Galleries has entered into various agreements of Plaintiff, to which the Court is respectfully referred for their terms.

11. Deny the allegations contained in paragraph 11.

12. Deny the allegations contained in paragraph 12, except to the extent Plaintiff's allegations constitute conclusions of law to which no response is required.

13. Deny the allegations contained in paragraph 13, except to the extent Plaintiff's allegations constitute conclusions of law to which no response is required.

14. Deny the allegations contained in paragraph 14, except state that Plaintiff and Salander engaged in various discussions and correspondence regarding their business relationship to which the Court is respectfully referred for their content.

15. Deny the allegations contained in paragraph 15, except state that Plaintiff and Salander engaged in various discussions and correspondence regarding their business relationship to which the Court is respectfully referred for their content.

16. Deny the allegations contained in paragraph 16, except state that Plaintiff and Salander engaged in various discussions and correspondence regarding their business relationship to which the Court is respectfully referred for their content.

17. Deny the allegations contained in paragraph 17.

18. Deny the allegations contained in paragraph 18.

19. Deny the allegations contained in paragraph 19, except state that Plaintiff and Salander engaged in various discussions and correspondence regarding their business relationship to which the Court is respectfully referred for their content.

## AS AND FOR FIRST CAUSE OF ACTION

20. Defendants repeat and reallege each of its responses to Plaintiff's allegations in paragraphs 1-19, as if fully set forth herein.

21. Deny the allegations contained in paragraph 21, except to the extent Plaintiff's allegations constitute conclusions of law to which no response is required.

22. Deny the allegations contained in paragraph 22, except to the extent Plaintiff's allegations constitute conclusions of law to which no response is required.

23. Deny the allegations contained in paragraph 23.

## AS AND FOR SECOND CAUSE OF ACTION

24. Defendants repeat and reallege each of its responses to Plaintiff's allegations in paragraphs 1-23, as if fully set forth herein.

25. Deny the allegations contained in paragraph 25.

26. Deny the allegations contained in paragraph 26.

27. Deny the allegations contained in paragraph 27.

28. Deny the allegations contained in paragraph 28.

29. Deny the allegations contained in paragraph 29, except to the extent Plaintiff's allegations constitute conclusions of law to which no response is required.

## AS AND FOR THIRD CAUSE OF ACTION

30. Defendants repeat and reallege each of its responses to Plaintiff's allegations in paragraphs 1-29, as if fully set forth herein.

31. Deny the allegations contained in paragraph 31.

32. Deny the allegations contained in paragraph 32.

33. Deny the allegations contained in paragraph 33, except to the extent Plaintiff's allegations constitute conclusions of law to which no response is required.

34. Deny the allegations contained in paragraph 34.

35. Deny the allegations contained in paragraph 35.

## AS AND FOR FOURTH CAUSE OF ACTION

36. Defendants repeat and reallege each of its responses to Plaintiff's allegations in paragraphs 1-35, as if fully set forth herein.

37. Deny the allegations contained in paragraph 37, except to the extent Plaintiff's allegations constitute conclusions of law to which no response is required.

38. Deny the allegations contained in paragraph 38.

39. Deny the allegations contained in paragraph 39.

-5-

## AS AND FOR FIFTH CAUSE OF ACTION

40. Defendants repeat and reallege each of its responses to Plaintiff's allegations in paragraphs 1-39, as if fully set forth herein.

41. Deny the allegations contained in paragraph 41.

42. Deny the allegations contained in paragraph 42.

## AS AND FOR SIXTH CAUSE OF ACTION

43. Defendants repeat and reallege each of its responses to Plaintiff's allegations in paragraphs 1-42, as if fully set forth herein.

44. Deny the allegations contained in paragraph 44.

45. Deny the allegations contained in paragraph 45.

46. Deny the allegations contained in paragraph 46.

47. Deny the allegations contained in paragraph 47.

48. Deny the allegations contained in paragraph 48.

## AS AND FOR SEVENTH CAUSE OF ACTION

49. Defendants repeat and reallege each of its responses to Plaintiff's allegations in paragraphs 1-48, as if fully set forth herein.

50. Deny the allegations contained in paragraph 50.

51. Deny the allegations contained in paragraph 51.

52. Deny the allegations contained in paragraph 52.

Defendant denies the WHEREFORE demands, numbered i through viii, set forth after paragraph 52 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff is barred from seeking any damages based on any alleged contract because Plaintiff failed to perform his obligations under any agreement with Defendants.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of statute of limitations.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of statute of frauds.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of parol evidence rule.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of failure of consideration.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the defense of payment.

## TWELFTH AFFIRMATIVE DEFENSE

Galleries and Salander have insufficient knowledge or information upon which to form a belief as to whether there may be additional affirmative defenses available to them, and therefore reserve the right to assert such additional defenses.

WHEREFORE, Defendants respectfully request that this Court:

1. Enter judgment against Plaintiff dismissing the Complaint in its entirety and with prejudice;

2. Award Defendants their costs, disbursements, and reasonable attorneys' fees incurred in defending against this action; and

3. Grant Defendants such other and further relief as this Court may deem just and proper.

Dated: July 17, 2007
       New York, New York

                        WINSTON & STRAWN LLP

                        By:   s/ David E. Mollón
                              David E. Mollón (DM-5624)
                              Grissel Seijo (GS-7250)
                              200 Park Avenue
                              New York, New York 10166
                              (212) 294-6700

                              Attorneys for Defendants