Exhibit 1

Case 1:07-cv-04165-SHS-DCF   Document 18-2   Filed 08/20/2007   Page 1 of 13

Flemming Zulack Williamson Zauderer LLP
One Liberty Plaza
New York, New York 10006
(212) 412-9500
Dean R. Nicyper, Esq. (DRN-7757)

Attorneys for Plaintiff Earl Davis

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
EARL DAVIS,

                          Plaintiff,

    -against-


SALANDER O'REILLY GALLERIES LLC
f/k/a SALANDER O'REILLY GALLERIES INC.,
and LAWRENCE B. SALANDER

                         Defendants.
-------------------------------------------------------------- X

Index No. 07 CV 4165

COMPLAINT

(stamped: MAY 29 2007; JUDGE STEIN)

Plaintiff Earl Davis ("Davis" or "Plaintiff"), by his attorneys, as his complaint against defendants Salander O'Reilly Galleries, LLC (f/k/a Salander O'Reilly Galleries, Inc.) ("SOR" or the "Gallery") and Lawrence B. Salander ("Salander") (SOR and Salander are referred to herein collectively as "Defendants"), states as follows:

## SUMMARY OF THE LAWSUIT

1. This lawsuit arises out of a business and trust relationship between Plaintiff and Defendants. Plaintiff is the son and heir of the well-known American artist Stuart Davis. As such, Plaintiff owns hundreds of works of art created by his father. Over the years, Plaintiff consigned hundreds of Stuart Davis works of art to Defendants' art gallery. Defendants sold dozens of those works without informing Plaintiff of the sales and without paying Plaintiff proceeds of those sales. Under New York's Art and Cultural Affairs law, Defendants hold all of the works of art in trust for Plaintiff and hold all proceeds from sales of those works of art in

291623

trust for Plaintiff. Plaintiff demanded that Defendants return to Plaintiff all unsold Stuart Davis works of art and all sales proceeds. Defendants failed to do so. Upon information and belief, Defendants continue to have Stuart Davis works of art in their possession or under their control and have not returned them to Plaintiff. For these reasons, Plaintiff brings this lawsuit against Defendants for breach of statutory duties, breach of contract, breach of fiduciary duties, recovery of chattels, and an accounting.

## THE PARTIES

2. Plaintiff Earl Davis is an individual who resides at Horizon Road, Fort Lee, NJ 07024.

3. Upon information and belief, Defendant Salander O'Reilly Galleries LLC is a limited liability company organized under the laws of the State of New York with its principal place of business at 22 East 71st Street, New York, New York 10021. Further upon information and belief, Defendant SOR is an art gallery and art merchant engaged in the business of buying and selling fine art.

4. Upon information and belief, Defendant Lawrence B. Salander is an individual and citizen of New York, residing at 63 East 82nd Street, New York, New York 10028. Further upon information and belief, Defendant Salander is the Managing Director of SOR.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1332(a) (diversity of citizenship) because plaintiff is an individual and a New Jersey resident, Defendant Salander is an individual and a New York resident, Defendant SOR is a New

291623                                    2

York limited liability company with its principal place of business in New York, New York, and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391 on each of the following independent grounds: (i) all defendants reside in this district; (ii) this is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred; and (iii) all defendants are subject to personal jurisdiction here.

## FACTS APPLICABLE TO THE CLAIMS FOR RELIEF

7. Plaintiff is the son of the well-known American artist Stuart Davis. Plaintiff's father died in 1964 leaving in his estate hundreds of works of art which he had created during his lifetime. Plaintiff, as an heir of his father's estate, has managed that large collection of works of art created by his father for decades.

8. Defendant SOR is a well-known art gallery located just off Fifth Avenue, near Central Park and several large fine art museums in Manhattan. Individual Defendant Salander is the Managing Director of SOR, and he directs and oversees the Gallery's operations directly or through others.

9. Plaintiff and Defendants have had a business and trust relationship for many years. During that relationship, Defendants convinced Davis that they could promote and sell the Stuart Davis works in Plaintiff's possession. As a result, Plaintiff delivered hundreds of works of art created by Stuart Davis (the "Property") over the years to the Gallery for evaluation and possible sale.

10. The works of art created by Plaintiff's father have an incalculable personal and emotional significance to Plaintiff. Because of the non-monetary significance of those works, Plaintiff made clear to the Defendants that, although he delivered to SOR for sale consideration

hundreds of the works of art that had been created by his father, he did not want all of the works of art to be sold. To the contrary, Plaintiff expressly informed SOR that, depending upon which works might ultimately become in demand, Plaintiff would want to keep at least some of his father's works of art in his own collection. Plaintiff also informed Defendants that he was to be notified prior to any of the works being offered for sale, not only to discuss whether to offer the work, but also to discuss the price at which the work would be offered for sale.

11.  The Plaintiff and Defendants accordingly agreed that the Defendants would sell works of art owned by Plaintiff only after consultation with Plaintiff and only at the prices expressly authorized by Plaintiff, and that, for such sales, SOR would be entitled to commissions as follows:

For each painting:

- 20% of sales proceeds up to $1 million.
- 10% of sales proceeds in excess of $1 million.

For each work of art on paper:

- 30% of sales proceeds up to $20,000.
- 20% of sales proceeds in excess of $20,000.

12.  As an art gallery and art merchant acting on behalf of and for the benefit of Plaintiff, SOR and Salander owed fiduciary duties to Plaintiff including the duty of loyalty and the duty to act in the best interest, and for the benefit, of Plaintiff.

13.  Defendants also were obligated to Plaintiff pursuant to the provisions of Articles 11 and 12 of the New York Arts and Cultural Affairs Law (the "NYACA"). Specifically, in accordance with that law, all items of Property delivered to the Gallery were and are held by the Gallery in trust for the benefit of Plaintiff. Likewise, all proceeds of sales of the Property were and are held by the Gallery in trust for the benefit of Plaintiff.

14. In early 2005, Plaintiff demanded that Defendants give him a full accounting and a list of inventory specifically identifying the location of each of the items of Property. In response, several weeks later Defendants told Plaintiff that Defendants had personally verified the location of each of the items of Property and expressly told Plaintiff that everything was in order. After many months, Defendants eventually provided a list of the items of Property and the purported location of each. Nearly two years later, however, Plaintiff learned, solely as a result of his own initiatives, that dozens of items of Property had been sold without Defendants informing or consulting Plaintiff and without any payment being made to Plaintiff, and also learned that, according to Defendants, other items of Property may be "lost."

15. In December 2005 and the spring of 2006, Plaintiff notified the Gallery to cease selling the Property, to return to Plaintiff all of the Property in the Defendants' possession, and to notify all other galleries and persons in possession of any unsold items of Property that all of those items had to be returned to SOR immediately so that SOR could, in turn, return them to Plaintiff. Throughout 2006, Plaintiff further demanded that SOR pay Plaintiff the full value for all items of Property sold.

16. Contrary to Plaintiff's express instructions, the Gallery did not pay Plaintiff all sales proceeds it owed to him, did not instruct all other individuals and galleries to return all works of art constituting Property to the Gallery and did not cease selling the Property. Defendants also did not disclose to Plaintiff which items of Property had been sold, when they had been sold, or the price at which they had been sold.

17. For months thereafter, Defendants repeatedly promised payment in full with interest, but failed to make those payments.

18. In addition, in 2006, Defendants induced Plaintiff to sell a Stuart Davis painting, titled *Punchcard Flutter* in one sale for $2,250,000 and to sell 12 other Stuart Davis works of art

for $650,000 in another sale (the "Two Sale Agreements"). Defendants induced Plaintiff to enter into the Two Sale Agreements by Defendant Salander's making false representations to Plaintiff regarding the sale price for the works and falsely representing that the buyers would be paying "cash on the table" immediately at the time the works were delivered to them, and that Defendants, in turn, would pay Plaintiff immediately. Defendant Salander, however, later revealed to Plaintiff that *Punchcard Flutter* was sold for $2,125,000, not $2,250,000, and that, although Defendants had released the all of the works to the two buyers, the buyers had not yet paid for them. Defendants further told Plaintiff that Defendants would not be paying Plaintiff immediately.

19. Defendants never paid Plaintiff any of the $2,900,000 proceeds under the Two Sales Agreements which they had induced Plaintiff to enter into.

## FIRST CLAIM FOR RELIEF: UNDER THE NEW YORK ART AND CULTURAL AFFAIRS LAW
(Against Defendant SOR)

20. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 19 above with the same force and effect as if fully set forth herein.

21. As art merchants to which Plaintiff consigned the items of Property, all of which were created by Plaintiff's father, Defendants were agents for Plaintiff and had a duty to Plaintiff under Articles 11 and 12 of the New York Art and Cultural Affairs Law. In accordance with that law, all items of Property delivered to the Gallery were and are held by the Gallery in trust for the benefit of Plaintiff. Likewise, all proceeds of sales of any and all items of Property were and are held by the Gallery in trust for the benefit of Plaintiff.

22. By failing to return the items of Property and deliver proceeds from reported and unreported sales of the items of Property to Plaintiff, as and when demanded by Plaintiff, all of

which Defendants hold as trust property and trust funds for the exclusive benefit of Plaintiff, Defendants have violated, and continue to violate, their trust obligations to Plaintiff under in the NYACA.

23. Defendants' violations of the NYACA have injured Plaintiff and caused him substantial damages in the amount of millions of dollars – the precise amount of which is to be determined at trial.

## SECOND CLAIM FOR RELIEF: BREACH OF CONTRACT
(Against Defendant SOR)

24. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 23 above with the same force and effect as if fully set forth herein.

25. Defendants, by express agreement and through a course of dealing, are, and have been throughout the business and trust relationship between Plaintiff and Defendants, obligated to consult Plaintiff prior to sales of items of Property and to pay Plaintiff all sales proceeds from the sale of any and all items of Property, after deducting commissions at the expressly agreed upon rates.

26. Defendants, or others of behalf of Defendants, sold dozens of items of Property but failed to consult Plaintiff and failed to pay Plaintiff any of the sales proceeds for any of those items of Property.

27. Plaintiff fully performed all of his obligations to Defendants.

28. Despite Defendants' repeated promises to Plaintiff to pay him all of the amounts Defendants owe to him, Defendants have failed to pay the amounts owed.

29. Defendants therefore have breached their contractual obligations to Plaintiff causing Plaintiff substantial damages. Plaintiff has been injured by Defendants' conduct and

damaged in the amount of millions of dollars – the precise amount of which is to be determined at trial.

### THIRD CLAIM FOR RELIEF : BREACH OF CONTRACT AND FRAUDULENT INDUCEMENT TO CONTRACT
(Against Defendants SOR and Salander)

30. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 29 above with the same force and effect as if fully set forth herein.

31. Defendants induced Plaintiff to enter into the Two Sale Agreements to sell a Stuart Davis painting, titled *Punchcard Flutter* in one sale for $2,250,000, and to sell 12 other Stuart Davis works of art in another sale for $650,000, by making false representations to Plaintiff regarding the sale price for the works and falsely representing that the buyers would be paying "cash on the table" immediately at the time the works were delivered to them and that Defendants, in turn, would pay Plaintiff immediately. Defendant Salander, however, later revealed to Plaintiff that *Punchcard Flutter* was sold for $2,125,000, not $2,250,000, and that Defendants had released the works to the buyers without being paid for them. Defendants further told Plaintiff after the sale that Defendants would not be paying Plaintiff immediately.

32. Defendants have never paid Plaintiff any of the $2,900,000 proceeds under the Two Sale Agreements which they had induced Plaintiff to enter into.

33. Because Defendants fraudulently induced Plaintiff to enter into the Two Sale Agreements, the Two Sale Agreements should be rescinded and rendered null and void and Defendants are obligated to pay Plaintiff the amounts for which he could now sell *Punchcard Flutter* and the 12 other Stuart Davis works if Defendants had not fraudulently induced him to enter into the Two Sale Agreements.

34. Alternatively, because Defendants failed to pay Plaintiff any of the sales proceeds, Plaintiffs have been injured and damaged in the principal amount of $2,900,000, plus

291623

8

all accrued and accruing interest, as a result of Defendants' breach of contract, breach of fiduciary duties and breach of statutory duties under the NYACA.

35. As a result of Defendants' conduct, Defendants owe Plaintiff, and Plaintiff has been injured and damaged, as of the date of this Complaint, in the amount of millions of dollars -- the precise amount of which is to be determined at trial.

## FOURTH CLAIM FOR RELIEF: BREACH OF FIDUCIARY DUTY
### (Against Defendant SOR and Salander)

36. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 35 above with the same force and effect as if fully set forth herein.

37. As art merchants to which Plaintiff consigned the items of Property, all of which were created by Plaintiff's father, Defendants were agents for and had a fiduciary duty to Plaintiff. That duty included a duty of loyalty and a duty for Defendants not to act in their own self-interest and instead to act in the best interests of Plaintiff.

38. In breach of those duties, Defendants sold items of Property without consulting Plaintiff, sold items of Property for prices substantially below the prices Plaintiff had authorized, failed to pay Plaintiff the amounts Defendants owed to him, withheld sales proceeds for months or years from Plaintiff, failed to keep accurate books and records regarding the items of Property, failed to give Plaintiff accurate accountings with respect to the items of Property, gave Plaintiff inaccurate information concerning the items of Property, and failed to return to Plaintiff all items of Property that had not been sold.

39. Defendants' breaches of their fiduciary duties to Plaintiff have injured Plaintiff and caused him substantial damage in the amount of millions of dollars – the precise amount of which is to be determined at trial.

## FIFTH CLAIM FOR RELIEF: RECOVERY OF CHATTELS
### (Against Defendants SOR and Salander)

40. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 39 above with the same force and effect as if set forth herein.

41. Upon information and belief, Defendants possess and/or have control over a number of the items of Property. Plaintiff has the exclusive right to those items of Property and Defendants have no right, title or interest in or to any of those items of Property.

42. By virtue of the foregoing, Plaintiff is entitled to judgment awarding possession of the items of Property to Plaintiff.

## SIXTH CLAIM FOR RELIEF: CONVERSION
### (Against Defendants SOR and Salander)

43. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 42 above with the same force and effect as if fully set forth herein.

44. Plaintiff demanded return of all items of Property and payment to him of all proceeds from all sales of any of the items of Property. Defendants failed to return all of the items of Property and failed to pay Plaintiff all proceeds of sale regarding sold items of Property.

45. Defendants do not have any right, title or interest in or to any of the items of Property or in or to the proceeds from the sale of any of those items of Property. Defendants are obligated to deliver the items of Property and proceeds from the sale of any and all items of Property to Plaintiff.

46. To date, Defendants have failed and refused to return to Plaintiff the items of Property or proceeds from the sales of items of Property, which Plaintiff has repeatedly demanded from Defendants and to which Defendants have no legal right or interest.

47.  Defendants wrongfully converted the items of Property and proceeds from the sale of items of Property to their own use and benefit.

48.  As a result of Defendants' wrongfully converting the items of Property and proceeds from the sales of items of Property, all of which rightfully belong to Plaintiff, Plaintiff has been injured and damaged in the amount of millions of dollars, the precise amount of which is to be determined at trial.

### SEVENTH CLAIM FOR RELIEF: ACCOUNTING
(Against Defendants SOR and Salander)

49.  Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 48 above with the same force and effect as if fully set forth herein.

50.  Under the NYACA and pursuant to their common law obligations as agents for Plaintiff, Defendants are obligated to account to Plaintiff regarding all of the items of Property and all of the sales proceeds from any and all sales of any and all items of Property.

51.  Plaintiff has demanded from Defendants accurate books and records regarding all of the items of Property and regarding all proceeds from any and all sales of any and all items of Property, but Defendants have failed and refused to provide such books and records.

52.  Plaintiff accordingly demands that Defendants immediately provide full, complete and accurate books and records relating to all items of Property and proceeds from any and all sales of any and all items of Property.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that judgment be granted in his favor and against Defendants SOR and Salander, as follows:

i) On the First Claim for Relief, ordering Defendant SOR to turn over all trust Property and trust funds to Plaintiff and awarding Plaintiff damages constituting such trust fund amount which is not less than millions of dollars, the precise amount of which is to be determined at trial;

ii) On the Second Claim for Relief, awarding Plaintiff damages in an amount not less than millions of dollars, the precise amount of which is to be determined at trial;

iii) On the Third Claim for Relief, rescinding the Two Sale Agreements and awarding Plaintiff damages in an amount not less than millions of dollars, the precise amount of which is to be determined at trial;

iv) On the Fourth Claim for Relief, awarding Plaintiff damages in an amount not less than millions of dollars, the precise amount of which is to be determined at trial;

v) On the Fifth Claim for Relief, awarding Plaintiff possession of the Property and proceeds from the sales of any and all items of Property;

vi) On the Sixth Claim for Relief, awarding Plaintiff damages in an amount not less than millions of dollars, the precise amount of which is to be determined at trial;

vii) On the Seventh Claim for Relief, ordering Defendants to provide to Plaintiff all full, complete and accurate books and records concerning all items of Property and proceeds from any and all sales of any and all items of Property; and

viii) All costs and such other and further relief as the Court deems just and proper.

Dated: New York, New York
May 29, 2007

Flemming Zulack Williamson Zauderer LLP

By: _____
Dean R. Nicyper (DN-7757)
One Liberty Plaza
New York, New York 10006
(212) 412-9500
Attorneys for Plaintiff Earl Davis