Exhibit 4

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

ORIGINAL

------------------------------------------------------------x

COMPAGNIE DE BEAX ARTS, LTD.,

                      *Plaintiff,*

      - against -

SALANDER-O'REILLY GALLERIES LLC,

                    *Defendant.*

------------------------------------------------------------x

Index No.

**SUMMONS**

0 6 6 0 0 3 3 8

FILED FEB 0 2 2006 NEW YORK COUNTY CLERKS OFFICE

TO:    SALANDER-O'REILLY GALLERIES LLC
        22 East 71st Street
        New York, NY 10021

        **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer or, if the complaint is not served with this summons, to serve a notice of appearance, on plaintiff's attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

        Venue is properly laid in this Court because defendant Salander-O'Reilly Galleries LLC has its principal offices in the County of New York.

Dated:  New York, New York
          February 2, 2006

                      FRIEDMAN KAPLAN SEILER &
                        ADELMAN LLP

                      John R. Cahill
                      1633 Broadway
                      New York, NY 10019-6708
                      (212) 833-1100

                      *Attorney for Plaintiff*



SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-----------------------------------------------------------x

COMPAGNIE DE BEAUX ARTS, LTD.,

              *Plaintiff,*

     - against -

SALANDER-O'REILLY GALLERIES LLC,

              *Defendant.*

-----------------------------------------------------------x

Index No.

**NOTICE OF MOTION
FOR SUMMARY JUDGMENT
IN LIEU OF COMPLAINT**

*FILED FEB 0 2 2006 NEW YORK COUNTY CLERKS OFFICE*

*06600338*

PLEASE TAKE NOTICE that, upon the accompanying Affirmation of John R. Cahill and the exhibits annexed thereto, Plaintiff Compagnie De Beaux Arts, Ltd. will move this Court at the Courthouse, Submissions Part, Room 130, Supreme Court, New York County, 60 Centre Street, New York, New York 10007 on 28 February 2006 at 9:30 A.M., for an order, pursuant to CPLR 3213, granting summary judgment in favor of the Plaintiff on the grounds that Defendant is in default of its obligations under a Promissory Note dated 26 October 2005.

PLEASE TAKE FURTHER NOTICE that pursuant to CPLR 3213,

answering papers, if any, shall be served upon the undersigned so as to be received on or

before 20 February 2006.

Dated: New York, New York
       February 2, 2006

                              Respectfully submitted,

                              FRIEDMAN KAPLAN SEILER &
                                ADELMAN LLP


                              _____
                              John R. Cahill
                              1633 Broadway
                              New York, NY 10019-6708
                              (212) 833-1112

                              *Attorney for Plaintiff*

FILE COPY

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------------------------------x

COMPAGNIE DE BEAUX ARTS, LTD.,

        *Plaintiff,*

  - against -

SALANDER-O'REILLY GALLERIES LLC,

        *Defendant.*

------------------------------------------------------------x

Index No.

**AFFIRMATION OF
JOHN R. CAHILL IN
SUPPORT OF MOTION
FOR SUMMARY JUDGMENT
IN LIEU OF COMPLAINT**

FEB 0 2 2006
NEW YORK COUNTY CLERK'S

        **JOHN R. CAHILL,** an attorney admitted to practice the courts of the State of New York, affirms the following under penalty of perjury:

        1.     I am counsel to Friedman Kaplan Seiler & Adelman, LLP, attorneys for Plaintiff Compagnie de Beaux Arts, Ltd. ("CBA"). I submit this affirmation in support of CBA's motion for summary judgment in lieu of complaint.

        2.     To settle certain obligations due to CBA, Salander-O'Reilly Galleries LLC ("SOR") signed the original of the true and correct copy of the promissory note dated 26 October 2005 that is annexed hereto as **Exhibit A** (the "Note").

        3.     The Note requires SOR to make payments in specified amounts on specified dates. While under the terms of the Note, SOR was originally permitted an automatic grace period of three days and had three days after a written notice of default to make a payment, SOR, following an earlier default (which occurred when, in violation of the express terms of the Note, it sent a check that could not have, and did not in fact, clear by the due date of 30 November 2005), agreed to make installment payments so that

393933.1



funds would be received on or before the due date. (A copy of an email from SOR's

attorneys reflecting that Agreement is annexed hereto as **Exhibit B.**)

   4.  SOR did not make the full payment due on 31 January 2006.

Instead, it wired only $200,000 out of the total $650,000 due on that date.

   5.  Although none was required, CBA gave SOR notice of the default

on 31 January 2006 by email and by letter. (A copy of the letter from me to SOR and its

attorney dated 31 January 2006 is annexed hereto as **Exhibit C.**)

   6.  Not only does SOR not deny that it is in default, it acknowledged

in a letter to CBA on 1 February that it was "aware that we have an agreement which

describes our deal and a payment due you of $630,000 as of the end of business

yesterday." SOR simply requested more time to make the payments due under the Note.

   7.  CBA knows of no defenses to this motion and no nonfrivolous

claims that SOR has against it.

   8.  SOR is not entitled to additional time under the Note (the entire

balance is due following a default) and, given the egregious conduct of SOR towards

CBA and others (which need not be detailed here), CBA does not believe that yet another

extension of time to pay debts that are long overdue is warranted. CBA is, relative to

SOR, a small business and urgently seeks a judgment with the greatest possible

expedition so that it may satisfy those to whom it has promised funds based on SOR's

promises and obligations under the Note.

   9.  CPLR 3213 expressly provides for summary judgment in actions

like this one, which involve a promissory note or "other instrument for the payment of

393933.1

money only." CBA respectfully requests that a judgment against SOR be granted

pursuant to the Note awarding CBA:

    (a)      The unpaid principal balance, which currently totals $655,000;

    (b)      Interest at the rate of twelve percent (12%) per annum from 7

            December 2005 (the date of the initial default) until the entire

            principal is paid pursuant to the Note;

    (c)      CBA's actual costs and attorneys' fees arising directly or indirectly

            out of SOR's failure to fully, completely, and timely perform its

            obligations as required by the Note; and

    (d)      Such other relief as the Court deems just and proper.

Dated: New York, New York
       2 February 2006

John R. Cahill

**Exhibit A**

## PROMISSORY NOTE

US$1,130,000

26 October 2005
New York, New York

For value received, and as provided in a Settlement Agreement between Compagnie de Beaux Arts Ltd. ("CBA") and Salander-O'Reilly Galleries, LLC ("SOR") dated 18 October 2005, the undersigned promissory, SOR, does hereby agree to pay to CBA the principal sum of One Million One Hundred Thirty Thousand United States Dollars and no/100 ($1,130,000.00) payable as follows:

| Payment Date | Payment Amount |
|---|---|
| 30 November 2005 | US$150,000 |
| 30 December 2005 | US$125,000 |
| 31 January 2006 | US$630,000 |
| 31 March 2006 | US$125,000 |
| 28 April 2006 | US$100,000 |

Provided that all such monthly payments are timely made, no interest shall accrue on any such payments or on the principal amount due and owing.

Should SOR fail to cause CBA to receive any scheduled payments within three (3) business days of its due date and upon expiration of three (3) business days after notice of such failure to receive payment has been provided by CBA or its attorney to SOR and its attorneys (*i.e.*, Peter R. Stern, Esq. of McLaughlin & Stern LLP), shall be in default, and the entire remaining principal balance and all accrued interest shall become due at once, and interest shall commence on such remaining balance at the rate of twelve percent (12%) per annum (or such lesser rate as is permitted by law), until paid.

SOR shall pay CBA all of its actual costs and attorney fees arising directly or indirectly out of any failure by SOR to fully, completely, and timely perform its obligations contained in this Promissory Note.

Principal and interest evidenced hereby are payable only in lawful money of the United States. The receipt of a check shall not, in itself, constitute payment hereunder unless and until paid in good funds. Whenever any payment on this Note shall be stated to be due on a day which is not a business day, such payment shall be made on the next succeeding business day.

The principal of this Note may be prepaid in whole or in part, without penalty.

This Note is to be governed by and construed in accordance with the laws of the State of New York, without regard to its conflict of laws rules and principles.

4

388571.2

SOR expressly waives any presentment, demand, protest, or other notice of any kind in connection with the collection of amounts due hereunder

Salander-O'Reilly Galleries, LLC

By: _____
     Larry Salander
Title: _____

5

-----Original Message-----
**From:** Peter R. Stern [mailto:PSTERN@mclaughlinstern.com]
**Sent:** Thursday, December 15, 2005 9:30 AM
**To:** Cahill, John
**Cc:** PAUL ROBBINS
**Subject:** Salander O'Reilly Galleries and Compagnie de Beaux Arts

Salander-O'Reilly Galleries has authorized me to confirm to you that the December 30, 2005 payment will be
wired to Compagnie de Beaux Arts so that funds are received on or before January 6, 2006 and that all
subsequent payments will be wired so that the funds are received on or before their due dates.

Peter R. Stern
McLaughlin & Stern, LLP
260 Madison Avenue
New York, NY 10016

Tel: 212.448.1100 Ext 314
     212.803.1299 (Direct Line)

Fax: 212.803.1301 (Direct Fax)
     212.803.1302 (Longer faxes)

2/2/2006

FRIEDMAN KAPLAN SEILER & ADELMAN LLP

BRUCE S. KAPLAN
EDWARD A. FRIEDMAN
GARY D. FRIEDMAN
BARRY A. ADELMAN
ERIC SEILER
ROBERT D. KAPLAN
ANDREW W. GOLDWATER
ROBERT J. LACK
GREGG S. LERNER
HAL NEIER
PHILIPPE ADLER
MATTHEW S. HAIKEN
PAUL J. FISHMAN
RICHARD M. HOFFMAN
SCOTT M. BERMAN
LANCE J. GOTKO
ELLEN A. HARNICK
ROBERT S. LOIGMAN
KATHERINE L. PRINGLE
MERYL S. ROSENBLATT
DANIEL B. RAPPORT
DAVID I. TANENBAUM
HALLIE B. LEVIN

1633 BROADWAY

NEW YORK, NY 10019-6708

TELEPHONE (212) 833-1100

FACSIMILE (212) 833-1250

WWW.FKLAW.COM

WRITER'S DIRECT DIAL
(212) 833-1112

WRITER'S DIRECT FAX
(212) 373-7912

E-MAIL
JCAHILL@FKLAW.COM

NORMAN ALPERT
MARC N. EPSTEIN
JOHN R. CAHILL
STUART R. GOLDFARB
COUNSEL

SNEHA DEVADASAN
CRAIG J. CODLING
ANNE E. BEAUMONT
MELISSA E. LONDON
EMILY A. STUBBS
KENT K. ANKER
AMY C. BROWN
MALA AHUJA HARKER
HEATHER WINDT
LISA S. GETSON
SHEILA V. HARNICK
ASAF REINDEL
JOHN N. ORSINI
JEFFREY R. WANG
LAURENCE D. BORTEN
VANESSA RICHARDS
CHAD B. PIMENTEL
JENNY F. KAUFMAN
LEE D. VARTAN
JOSHUA D. JACOBSON
JONATHAN GOTTFRIED

31 January 2006

**BY FAX, BY HAND, AND**
**BY ELECTRONIC TRANSMISSION**

Peter R. Stern, Esq.                    Mr. Lawrence Salander
McLaughlin & Stern LLP                  Salander-O'Reilly Galleries, LLC
260 Madison Avenue                      22 East 71st Street
New York, NY 10016                      New York, NY 10021

Re:    Promissory Note of Salander-O'Reilly Galleries LLC ("SOR")

Dear Mr. Stern and Mr. Salander:

Notice is hereby given pursuant to the Promissory Note made by SOR to Compagnie de Beaux Arts Ltd. ("CBA") (the "Note") that SOR has not caused a scheduled payment of US$630,000 due under the Note today, as confirmed by an email sent by Mr. Stern on 15 December 2005 (attached), to be received by CBA.

SOR is now in default, and the entire remaining principal balance of US$855,000 is due at once. Interest on the outstanding balance is being incurred at the rate of twelve percent (12%) per annum until paid.

Although we will wait until the close of business today (5:30 P.M.) to hear from Mr. Stern and from our client before taking further action, we expect to receive authorization from our client to take all necessary steps to enforce its rights, including filing an action when the Courthouse opens tomorrow morning. Please be advised that all of the actual costs (including attorneys' fees) arising directly or indirectly

398050.1

FRIEDMAN KAPLAN SEILER & ADELMAN LLP

Peter R. Stern, Esq.                    - 2 -                    31 January 2006

out of any failure by SOR to fully, completely, and timely perform its obligations are payable to CBA under the terms of the Note.

Very truly yours,

John R. Cahill

cc:    Sr. Edoardo Testori (by electronic mail)

398050.1