Exhibit 5

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
--------------------------------------------------------------X

RENAUD-GIQUELLO & ASSOCIÉS,

                     Plaintiff,

    - against -

SALANDER-O'REILLY GALLERIES LLC,

                     Defendant.

--------------------------------------------------------------X

Index No. 06600661

**SUMMONS**

Date Filed: February 28, 2006

Plaintiff designates New York County as the place of trial.

The basis of the venue is defendant's residence.

*[Stamp: FILED FEB 28 2006 NEW YORK COUNTY CLERK'S OFFICE]*

To the above-named Defendant:

      **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's attorneys within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: February 28, 2006

                                                      ROBINSON & COURNOT

                                                      By: _____
                                                         David A. Robinson

Attorneys for Plaintiff
The Lincoln Building
60 East 42nd Street
New York, New York 10165
(212) 247-4500

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------X
:
RENAUD-GIQUELLO & ASSOCIÉS,           :         06600661
:
Plaintiff,    :         Index No.
:
- against -         :
:         COMPLAINT
:
SALANDER-O'REILLY GALLERIES LLC,      :
:
Defendant.    :
:
------------------------------------------------------------X



Plaintiff, Renaud-Giquello & Associés, by its attorneys, Robinson & Cournot, for its complaint against the defendant alleges as follows:

**Parties**

1.  Plaintiff is a "Société de Ventes Volontaires de Meubles aux Enchères Publiques" (a legal entity existing under the French Commercial Law for the specific purpose of selling personalty at auction) organized and existing under the laws of the Republic of France, with its principal place of business at 6, rue de la Grange-Batelière, 75009 Paris, France.

2.  Upon information and belief, defendant is a limited liability company organized and existing under the laws of the State of

New York, with its principal place of business at 22 East 71st Street, New York, New York 10021.

### Plaintiff's Claims

3.  Plaintiff is engaged in the business of buying and selling artworks.

4.  On March 16, 2005, defendant purchased from plaintiff a painting by Edouard Manet and a sculpture of Saint Sebastien for the total agreed amount of 489,149.58 Euros.

5.  Defendant agreed to pay 30 percent of the total amount on the date of the sale and the remaining 70 percent six months later, on September 16, 2005.

6.  Defendant paid 146,745.00 Euros to plaintiff, representing 30 percent of the total amount owed, and plaintiff delivered the painting and the sculpture to defendant.

7.  Defendant failed to pay the balance of 342,404.58 Euros on September 16, 2005 as agreed and required

8.  On or about November 9, 2005, defendant made a partial payment of $150,000, which was then equivalent to 127,617.02 Euros, and on or about November 15, 2005, defendant made another partial payment of $100,000, which was then equivalent to 84,991.50 Euros.

9.  Defendant still owes plaintiff 129,796.06 Euros of the total purchase price of 489,149.58 Euros.  In addition, defendant owes plaintiff 276.62 Euros, representing bank charges incurred by plaintiff as a result of defendant having made payments in U.S. Dollars rather than in Euros as required.  Defendant thus owes plaintiff the total amount of 130,072.68 Euros.

10.  Plaintiff has delivered to defendant invoices for the amounts described in paragraph 9 above.  Defendant has received and retained these invoices without objection, and has made partial payments as described above.

11.  Despite numerous demands by plaintiff, defendant has refused and failed to pay the 130,072.68 Euros that it owes to plaintiff.

12.  Plaintiff has performed all obligations that it was required to perform.

### FIRST CAUSE OF ACTION
### (Goods Sold and Delivered)

13.  Plaintiff repeats and realleges paragraphs 1 through 12 as if set forth at length herein.

14.  Defendant owes plaintiff 130,072.68 Euros for goods sold and delivered.

### SECOND CAUSE OF ACTION
### (Breach of Contract)

15. Plaintiff repeats and realleges paragraphs 1 through 12 as if set forth at length herein.

16. Defendant's actions, as described above, constitute a breach of defendant's agreement with plaintiff.

### THIRD CAUSE OF ACTION
### (Account Stated)

17. Plaintiff repeats and realleges paragraphs 1 through 12 as if set forth at length herein.

18. Defendant's actions, as described above, in receiving and retaining plaintiff's invoices without objection, and in making partial payments for the goods received by defendant, resulted in an account being stated between plaintiff and defendant for the balance owed to plaintiff in the amount of 130,072.68 Euros.

### FOURTH CAUSE OF ACTION
### (Unjust Enrichment)

19. Plaintiff repeats and realleges paragraphs 1 through 12 as if set forth at length herein.

20. As a result of defendant's receipt and retention of the artworks without paying plaintiff the full purchase price therefor,

defendant has been unjustly enriched at plaintiff's expense in the amount of 130,072.68 Euros.

WHEREFORE, plaintiff demands judgment against the defendant as follows:

(a) in the amount of 130,072.68 Euros, such amount to be converted into currency of the United States at the rate of exchange prevailing on the date of entry of judgment in accordance with Section 27(b) of the Judiciary Law;

(b) for interest from September 16, 2005 on all sums awarded;

(c) for the costs and disbursements of this action, including reasonable attorneys' fees; and

(d) for such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       February 28, 2006

ROBINSON & COURNOT

By: _____
David A. Robinson

Attorneys for Plaintiff
The Lincoln Building
60 East 42nd Street
New York, New York 10165
(212) 247-4500

SUPREME COURT
STATE OF NEW YORK, COUNTY OF NEW YORK          Index No.          Year 2006

RENAUD-GIQUELLO & ASSOCIÉS,

                              Plaintiff,

-against-

SALANDER-O'REILLY GALLERIES LLC,

                              Defendant.

**SUMMONS AND COMPLAINT**

*ROBINSON & COURNOT*

Attorney(s) for   Plaintiff

Office and Post Office Address, Telephone

*The Lincoln Building*
*60 East 42nd Street*
*New York, New York 10165*
*(212) 247-4500*

Signature (Rule 130-1.1-a)

Print name beneath

David A. Robinson

Service of a copy of the within is hereby admitted.

Dated: _____

To

Attorney(s) for

**PLEASE TAKE NOTICE:**

☐ **NOTICE OF ENTRY**

that the within is a *(certified)* true copy of a
duly entered in the office of the clerk of the within named court on

☐ **NOTICE OF SETTLEMENT**

that an order
will be presented for settlement to the HON.
within named Court, at
on                              at                    M.

Dated,

                            of which the within is a true copy
                            one of the judges of the

Yours, etc.