Exhibit K

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

MONTY DIAMOND
SARAH DIAMOND
Plaintiffs

against

SALANDER-O'REILLY GALLERIES LLC
LARRY SALANDER

Defendants

Index No. 602284/07

Date Purchased 7 / /07
Plaintiff designates
**New York County**
as the place of trial

SUMMONS

Plaintiff resides at
**140 West 4th St.**
County of New York

FILED
JUL 11 2007
COUNTY CLERK'S OFFICE
NEW YORK

To the above named Defendants:

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer on the Plaintiff's Attorney within twenty (20) days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or within thirty (30) days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: July 11, 2007
New York, New York

LANCE S. GROSSMAN
Attorney for Plaintiffs
233 Broadway-Ste. 2220
New York, NY 10279
(212)571-4649

To: Salander-O'Reilly Galleries, LLC and
Larry Salander

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

MONTY DIAMOND and
SARAH DIAMOND
/07

Plaintiffs

against

SALANDER-O'REILLY GALLERIES LLC and
LARRY SALANDER

Defendants

Index No.

Date Index No. Purchased
7/ /07

**VERIFIED COMPLAINT**

07602284
FILED
JUL 11 2007
COUNTY CLERK'S OFFICE
NEW YORK

Plaintiffs, by their attorney, Lance Grossman, complaining of the defendants alleges as follows:

1. That at all times relevant herein, the plaintiff, Monty Diamond (hereinafter "M. Diamond") was a resident of the State of New York, County of New York.

2. That at all times relevant herein, the plaintiff, Sarah Diamond (hereinafter "S. Diamond") was a resident of the State of Colorado.

3. Upon information and belief at all times relevant hereto, defendant, Salander-O'Reilly Galleries, LLC (hereinafter "SOG") was a New York limited liability company whose principal place of business is located in the State of New York, County of New York.

4. That at all times relevant hereto, defendant SOG was engaged in the business of selling and buying works of fine art, including but not limited to paintings, through private and public sales.

5. That at all times relevant hereto, SOG held itself as out as an art gallery with expertise and experience in selling works of fine art.

6. Upon information and belief at all times relevant hereto, the defendant Larry Salander, hereinafter ("Salander") was a majority shareholder of SOG.

## AS AND FOR A FIRST CAUSE OF ACTION

7. Plaintiffs repeat, reallege and reiterate each and every allegation contained in paragraphs 1 through 6 as if more fully set forth herein.

8. That prior to March, 2006, the defendant Salander and plaintiff M. Diamond maintained both a business and social relationship.

9. That prior to March, 2006, the defendant Salander had sold at SOG certain fine art on behalf of family and friends of plaintiffs.

10. That following the receipt of the monies from the prior sales SOG would forward a check to the sellers representing the sales price of the artwork less any costs that were owing.

11. That in or about March, 2006, plaintiff M. Diamond, based on the prior business dealings with defendants, advised Salander that he was seeking to sell 16 pieces of artwork by renowned artists that were owned by the plaintiffs, a list of such artwork are attached hereto as Exhibit "A" (hereinafter "The Artwork").

12. Defendant Salander on behalf of SOG expressed an interest in selling the paintings of plaintiffs through SOG.

13. That defendants in an effort to induce the plaintiffs to enter into an agreement with defendants, made the following proposal to M. Diamond specifically, that SOG would pick up and transport The Artwork to the SOG

offices, photograph The Artwork, appraise The Artwork and sell The Artwork of the plaintiffs and in consideration of such activity SOG would be paid a commission of ten (10%) of the sales price and reimbursement of any expenses.

14. That based on prior sales and industry practice, payment was to be made within a timely manner after receipt of the sales price.

15. The terms and conditions of the agreement were accepted by the plaintiffs and defendants.

16. In furtherance of the agreement entered into between the parties, SOG, in April, 2006, took into its possession The Artwork for the purposes of photographing and appraising the same.

17. Subsequent to the defendant SOG taking into its possession The Artwork, M. Diamond and defendant Salander further agreed that no pieces of The Artwork should or would be sold without the consent and authorization of M. Diamond as to price.

18. In furtherance of the agreement entered into between the parties, defendant Salander forwarded to M. Diamond appraisals of The Artwork listing the prices in which SOG believed that the artwork should be sold.

19. Upon information and belief notwithstanding the terms of the agreement entered into between plaintiffs and defendants, the defendant Salander, on behalf of SOG did then without consent or authorization of the plaintiffs sell all but six items of The Artwork.

20. Defendant Salander first advised the plaintiffs of the sale of The Artwork on or about August 23, 2006.

21. That defendant Salander on behalf of SOG advised M. Diamond that The Artwork that had been sold had total sales price of Four Hundred Seventy Seven Thousand Five Hundred ($477,500.00) Dollars.

22. That upon information and belief in an attempt to diminish the damages to the plaintiffs due to their breach of contract, the defendant SOG by defendant Salander did agree to waive any commissions that may be due to SOG.

23. That defendant Salander did represent that plaintiffs would be paid the monies from the sale of The Artwork commencing in January, 2007.

24. That plaintiffs received no payments from the defendant SOG as represented, in January, 2007.

25. That subsequent to January, 2007, the plaintiff, M. Diamond personally and through his authorized agents had requested on numerous occasions for defendants to pay to the plaintiffs, the above mentioned $477,500.00.

26. That defendant SOG by various persons with authority, in an attempt to avoid their liability had on numerous occasions, willfully misrepresented to plaintiffs that the payment of the sales proceeds were made, or were being made or were in the process of being made, knowing that such statements were false.

27. That despite repeated demands for payment, the defendant SOG has failed and refused to pay to the plaintiffs the sum of $477,500.00.

28. That the plaintiffs are unsure of where the sales proceeds from The Artwork was deposited.

29. Upon information and belief defendant Salander may have deposited into his personal account the monies due to the plaintiffs from the sale of The Artwork.

30. That by the actions of the defendant SOG in not paying to the plaintiffs the monies from the sale of The Artwork as agreed, in a timely manner and after due demand, the defendants have breached the agreement entered into.

31. That by reason of the actions of the defendant, SOG in breaching the agreement entered into with the plaintiffs , the plaintiffs have been damaged.

32. Wherefore, the plaintiffs demand judgment on their First Cause of Action against the defendant SALANDER-O'REILLY GALLERIES in the sum of FOUR HUNDRED SEVENTY SEVEN THOUSAND FIVE HUNDRED ($477,500.00) DOLLARS with interest from May, 2006.

## AS AND FOR A SECOND CAUSE OF ACTION

33. Plaintiffs repeat, reallege and reiterate each and every allegation contained in paragraphs 1 through 32 as if more fully set forth herein.

34. That the defendants by taking into possession The Artwork of the plaintiffs with the purpose of selling such artwork for and on behalf of the plaintiffs, had a fiduciary duty to protect the interests of the plaintiffs.

35. That by reason of the actions of the defendants in failing to obtain the best price for the Artwork and refusing to pay to the plaintiffs the monies obtained from the sale of The Artwork, despite repeated promises of payment, the defendants have breached their fiduciary duty to the plaintiffs.

36. That by reason of the breach of fiduciary duty of the defendants, the plaintiffs have been damaged.

37. WHEREFORE, plaintiffs demand judgment, on their Second Cause of Action, against defendants jointly and severally, in the sum of FOUR HUNDRED SEVENTY SEVEN THOUSAND FIVE HUNDRED ($477,500.00) DOLLARS with interest from May, 2006.

AS AND FOR A THIRD CAUSE OF ACTION

38. Plaintiffs repeat, reallege and reiterate each and every allegation contained in paragraphs 1 through 37 as if more fully set forth herein.

39. That defendant SOG did take into its custody and care and sole possession, The Artwork of the plaintiffs.

40. That title to such artwork was and remains in the name of the plaintiffs.

41. That the possession of The Artwork by the defendants was at the sole discretion of the plaintiffs.

42. That plaintiffs have and continue to maintain the right to the possession of The Artwork.

43. That the defendants have and continue to maintain possession of The Artwork of the plaintiffs despite demand by the plaintiffs for the return of The Artwork.

44. That the defendants have no justifiable or legal right to maintain possession of The Artwork of the plaintiffs.

45. That the failure and refusal of the defendants to return to the plaintiffs The Artwork constitutes an illegal conversion of the property of the plaintiffs.

46. That by reason of the conversion of the plaintiffs' property by the defendants, the plaintiffs have been damaged.

47. WHEREFORE, the plaintiffs demand judgment on their Third Cause of Action against the defendants, jointly and severally, in the sum of

SEVEN HUNDRED FIFTY THOUSAND ($750,000.00) DOLLARS plus interest from May 31, 2007 and punitive damages in the sum of ONE MILLION ($1,000,00.00) DOLLARS.

AS AND FOR A FOURTH CAUSE OF ACTION

48. Plaintiffs repeat, reallege and reiterate each and every allegation contained in paragraphs 1 through 47 as if more fully set forth herein.

49. By reason of the defendants maintaining The Artwork or in the alternative the proceeds of the sale of The Artwork, the defendants have been unjustly enriched.

50. That the unjust enrichment of the defendants has damaged the plaintiffs.

51. WHEREFORE, the plaintiffs demand judgment on their Fourth Cause of Action against the defendants, jointly and severally, in the sum of SEVEN HUNDRED FIFTY THOUSAND ($750,000.00) DOLLARS plus interest from May 31, 2007.

AS AND FOR A FIFTH CAUSE OF ACTION

52. Plaintiffs repeat, reallege and reiterate each and every allegation contained in paragraphs 1 through 51 as if more fully set forth herein.

53. That The Artwork in the possession of the defendants is unique and cannot be adequately compensated by an award of monetary damages.

54. That the plaintiffs have demonstrated a meritorious claim as and against the defendants.

55. That the balancing of the equities in this case favors the plaintiffs.

56. That in the event the defendants sell, transfer or otherwise dispose of The Artwork, the plaintiffs will be damaged.

57. That in the event the defendants dissipate or otherwise transfer from their accounts the monies realized from the sale of The Artwork, the plaintiffs will be damaged.

58. That by reason of the actions of the defendants, the plaintiffs are entitled to the entry of a permanent injunction, enjoining and restraining the defendants from selling, transferring or otherwise hypothecating The Artwork of the plaintiffs.

59. That by reason of the actions of the defendants, the plaintiffs are entitled to the entry of a permanent injunction restraining the bank accounts of the defendants to the extent of stopping the defendants from transferring or otherwise disposing of the sales proceeds of The Artwork, to wit, the sum of Four Hundred Seventy Seven Thousand Five Hundred ($477,500.00) Dollars.

60. WHEREFORE, plaintiffs demand judgment on their Fifth Cause of Action against the defendants, jointly and severely seeking the entry of a permanent injunction enjoining and restraining the defendants and each of them from selling, transferring, mortgaging, dissipating or hypothecating The Artwork of the plaintiffs or in the alternative restraining monies in the name of the defendants in the sum of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS.

<u>AS AND FOR A SIXTH CAUSE OF ACTION</u>

61. Plaintiffs repeat, reallege and reiterate each and every allegation contained in paragraphs 1 through 60 as if more fully set forth herein.

62. That based upon the defendants possession of and represented sale of The Artwork of the plaintiffs, the defendants were required to account to the plaintiffs.

63. Despite due demand, the defendants have failed and refused to account to the plaintiffs for monies received or to be received from the sale of The Artwork.

64. That the failure of the defendants to account to the plaintiffs has damaged the plaintiffs.

65. WHEREFORE, plaintiffs demand judgment on their Sixth Cause of Action against the defendants jointly and severally for an accounting of funds received or to be received from the sale of The Artwork.

AS AND FOR A SEVENTH CAUSE OF ACTION

66. Plaintiffs repeat, reallege and reiterate each and every allegation contained in paragraphs 1 through 65 as if more fully set forth herein.

67. That the defendant, SOG undertakes consumer transactions as the same is defined in the General Business Law.

68. That the actions of the defendant SOG in failing to pay to the plaintiffs the money owed to them and the failure to return to the plaintiffs their lawful personal property constitutes a violation of General Business Law Section 349.

69. That as a result of the defendants violation of General Business Law Section 349, plaintiffs are entitled to statutory relief, including but not limited to statutory damages, in an amount to be determined by the Court and legal fees in an amount to be determined by the Court, but in no event less than $5,000.00.

70. WHEREFORE, plaintiffs demand judgment on their Seventh Cause of Action against the defendants jointly and severally pursuant to General Business Law Section 349, for statutory damages and legal fees in an amount to be determined by the Court.

WHEREFORE, plaintiffs, MONTY DIAMOND and SARAH DIAMOND demand judgment as follows:

1. On their First Cause of Action, against defendant Salander-O'Reilly Galleries, LLC in the sum of FOUR HUNDRED SEVENTY SEVEN THOUSAND FIVE HUNDRED ($477,500.00) DOLLARS with interest from May, 2006.

2. On their Second Cause of Action, against defendants, Salander-O'Reilly Galleries,LLC and Larry Salander, jointly and severally, in the sum of FOUR HUNDRED SEVENTY SEVEN THOUSAND FIVE HUNDRED ($477,500.00) DOLLARS with interest from May, 2006.

3. On their Third Cause of Action, against defendants Salander-O'Reilly Galleries and Larry Salander in the sum of SEVEN HUNDRED FIFTY THOUSAND ($750,000.00) DOLLARS plus interest from May 31, 2007 and punitive damages in the sum of ONE MILLION ($1,000,00.00) DOLLARS.

4. On their Fourth Cause of Action, against the defendants, Salander-O'Reilly Galleries, LLC and Larry Salander, jointly and severally, in the sum of SEVEN HUNDRED FIFTY THOUSAND ($750,000.00) DOLLARS plus interest from May 31, 2007.

5. On their Fifth Cause of Action, against the defendants, Salander-O'Reilly Galleries, LLC and Larry Salander jointly and severely seeking the entry of a permanent injunction enjoining and restraining the defendants and each of them from selling, transferring, mortgaging, dissipating or hypothecating The Artwork of the plaintiffs or in the alternative restraining monies in the name of the defendants in the sum of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS.

6. On their Sixth Cause of Action against the defendants, Salander-O'Reilly Galleries, LLC and Larry Salander, jointly and severally for an accounting of funds received or to be received from the sale of The Artwork.

7. On their Seventh Cause of Action against the defendants, Salander-O'Reilly Galleries, LLC and Larry Salander jointly and severally pursuant to General Business Law Section 349, for statutory damages and legal fees in an amount to be determined by the Court.

8. For legal fees;

9. For costs and disbursements.

10. For such other and further relief as to this Court deems just and proper.

Dated: New York, New York
July 9, 2007

Yours, etc.
LANCE GROSSMAN
Attorney for Plaintiffs
233 Broadway-Suite 2220
New York, New York 10279
(212) 571-4649

To: Salander-O'Reilly Galleries, LLC
Larry Salander

**VERIFICATION**

STATE OF NEW YORK )
)s.s.:
COUNTY OF NEW YORK )

MONTY DIAMOND, being duly sworn hereby deposes and says:

1. I am a plaintiff in the above referenced action.

2. I have read the above complaint and the same is true to my own knowledge except as to those matters stated upon information and belief and as to those matters, I believe them to be true.

MONTY DIAMOND

Sworn to before me this
9th day of July, 2007

ADAM FREEDMAN
Notary Public, State of New York
No. 02FR6055318
Qualified in Nassau County
Commission Expires Feb. 20, 2011