UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
EARL DAVIS,
                                    Plaintiff,

-against-

SALANDER-O'REILLY GALLERIES, LLC         07-CV-4165 (SHS) (DF)
f/k/a SALANDER-O'REILLY GALLERIES INC.,
and LAWRENCE B. SALANDER
                                 Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## ~~STIPULATION AND~~ PROTECTIVE ORDER

WHEREAS, Plaintiff Earl Davis ("Plaintiff") and Defendants Salander-O'Reilly Galleries, LLC and Lawrence B. Salander ("Defendants"), the parties to this action, recognize that in the course of this action certain information, documents and testimony disclosed and produced through discovery may constitute or incorporate trade secrets and other confidential research, development, or commercial information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure;

WHEREAS this Protective Order is intended to provide appropriate protection for such trade secrets and other confidential research, development, or commercial information;

IT IS HEREBY ORDERED ~~STIPULATED AND AGREED by and between the undersigned attorneys for the parties in this action~~ that:

1. This ~~stipulation and~~ order shall govern the use and dissemination of all information, documents or materials that are produced in this action, including information provided in response to document requests, answers to interrogatories, depositions, exhibits, motions, briefs, pre-trial orders, responses to requests for admission and all other discovery taken, matters in evidence before this Court, and any other information that a party, or a non-

party responding to a subpoena, reasonably and in good faith believes to contain trade secrets or other confidential, proprietary, or commercial information.

2. "Confidential Material" shall be interpreted to encompass any confidential, or proprietary information constituting trade secrets; other confidential and proprietary research or development information; current budgets; proprietary accounting information; bank and proprietary financial records; inchoate business strategies; pricing, information about prior current and potential customers; and personal tax records. Confidential Material shall not include: information already known to or in possession of the receiving party; information that becomes known to the receiving party the disclosure of which to the receiving party is not subject to or a breach of another confidentiality restriction; or material received from third parties not subject to any other confidentiality restrictions at the time of its delivery.

3. A party may designate as "CONFIDENTIAL" under the terms of this ~~stipulation and~~ order any non-public material that it discloses or produces in this action and that such party believes in good faith contains such above-described trade secret information, proprietary and personal financial information, and/or non-public confidential, research, development or commercial information.

4. Confidential Material shall be designated and marked as follows:

    a. <u>Documents</u>: Documents (including but not limited to discovery responses and court filings _containing materials previously designated as confidential_), and any information contained therein, may be designated as Confidential Material by placing the legend "CONFIDENTIAL" on any such document prior to service or filing. Such legend shall be placed on the first page of each document containing Confidential Material and upon each page within such document considered to be Confidential Material.

2

b. <u>Magnetic, Optical Media and Other Electronic Documents</u>: Where a document is produced in a magnetic, optical media or other electronic form (such as hard drive, CD-ROM, DVD or flash memory), the drive, CD-ROM, DVD or medium container shall be marked with the legend "CONFIDENTIAL" as appropriate. Files contained on these media may be designated via the process described in Paragraph 5.a as Confidential Material prior to disclosure or production. To the extent such media is printed out, then Paragraph 5.a. will apply.

c. <u>Physical Exhibits</u>: The confidential status of a physical exhibit already designated as "CONFIDENTIAL" at the time of production shall be indicated by stamping or placing a label on said physical exhibit designating it as "CONFIDENTIAL".

d. <u>Partial Designations</u>: In the case of information incorporated in answers to interrogatories or responses to requests for admission, a "CONFIDENTIAL" legend shall be placed on each individual page on which Confidential Material appears and a legend shall be placed on the cover page of the answer or response stating: "Certain Information Within These Responses Is Designated As Confidential."

e. <u>Deposition Proceedings</u>: Deposition transcripts may be designated confidential by submitting a list of confidential portions identified by page and line numbers within 5 business days of the designating party's receipt of the transcript. After a designation is made, the designating party shall provide to the other party a copy of the transcript with a legend on the cover page stating that: "Certain portions of this transcript are

3

confidential," and with each page of the confidential portion of the transcript stamped with the word "CONFIDENTIAL." Transcripts in their entirety shall be treated by a party as Confidential Material under this stipulation up until the end of the fifth business day after receipt of the transcript by the party. Thereafter, only those portions designated as "CONFIDENTIAL" (if any) shall be treated as Confidential Material.

5. Confidential Material may be disclosed, summarized, described, revealed or otherwise made available in whole or in part only in accordance with the terms of this stipulation and order, and only to the following persons in this action and in other actions or legal proceedings involving one or more parties in this action and involving one or more of the works of art at issue in this action (providing the designating party has consented in writing): 

a. The parties;

b. Any law firm that is counsel of record, and other outside counsel identified to the Designating Party in writing, including associates, employees and independent contractors of such counsel, including secretaries, legal assistants and inside and outside copying and document support services who have a need to know, or possess, such information in order to fulfill their duties and responsibilities in the litigation;

c. Independent experts and consultants and their staff retained to assist counsel for the parties in the conduct of the litigation;

d. Witnesses in this action and their counsel, to the extent necessary to assist counsel with preparation of their testimony in the action;

e. The Court and its employees and the jury;

f. Court reporters and videographers;

4

  g. Graphics or design consultants retained to prepare demonstrative or other exhibits for use in the action;

  h. Document imaging and database services and consultants retained to set up, maintain, and/or operate litigation databases;

  i. Law enforcement officials pursuant to a subpoena; and

  j. Other persons only upon Order of the Court for good cause shown or to whom the Designating Party has given written consent.

7. Confidential Material, including statements about or materials summarizing Confidential Material designated in this action, may not be disclosed to the press by a Receiving party, or any person affiliated with a Receiving party, without the written consent of the Designating Party.

8. A party in this action may use Confidential Material in any other action or legal proceeding involving one or more works of art at issue in this action, and one or more parties in this action provided that such Confidential Material directly pertains to the issues in that other action and the designating party gives written consent. * (see below)

9. If the receiving party desires to disclose Confidential Material to persons not qualified under this ~~stipulation and~~ order, or if the receiving party disagrees with a designation by the Designating Party, then the Receiving party shall give written notice to the Designating Party of the documents or information at issue and the Receiving Party and the Designating Party shall attempt in good faith to resolve the dispute. If the dispute cannot be resolved within three (3) business days after such written notice is given (the "Three-Day Negotiation Period"), the Designating Party may seek a ruling from the Court, but must do so within two (2) business days after the Three-Day Negotiation period has ended, by submitting a letter to the Court. The Receiving Party may submit a letter to the Court in opposition to the position submitted by the

---

* Notwithstanding anything to the contrary herein, plaintiff may, without obtaining the prior consent of defendants, disclose 5 Confidential Material, including pricing information and the identities of defendants' current and potential customers, to the extent plaintiff believes, in good faith, that such disclosure is necessary for plaintiff to vindicate its rights as against any third-party purchasers of the works of art at issue in this action.

Designating Party, but must do so within two (2) business days of its receipt of the Designating Party's letter. The Designating Party shall have the burden of establishing that confidentiality protection is necessary with respect to the information in dispute. Pending a determination by the Court, the information in dispute shall be treated as Confidential Material under this ~~Stipulation and~~ Order. If the Designating Party does not seek a ruling from the Court within two (2) business days after the Three-Day Negotiation Period, then the information and documents identified in the Receiving Party's written notice described above shall cease to be covered by the provisions of this ~~stipulation and~~ order.

10. All persons who receive Confidential Material shall not use or disclose to any person, at any time, such materials or information contained therein, except in conformance with this ~~stipulation and~~ order.

11. In no event shall any person receiving Confidential Material use it for commercial or competitive purposes. However, nothing contained in this ~~stipulation and~~ order shall affect the right of the Designating Party to disclose any information produced by it to anyone at any time.

12. Notwithstanding the parties' designation of Confidential Material, any trial or court hearing in which reference will likely be made to any such Confidential Material shall in the Court's discretion be held in open court with records unsealed unless there is a specific showing under law that confidentiality is required. The Designating Party may request by motion that the proceeding shall be conducted in camera, out of the presence of all persons unqualified under this Order to receive Confidential Material, and any transcript relating thereto may be designated as Confidential Material.

13. ~~In the event that a party intends to use Confidential Material in a court filing, that party will notify the Designating Party three days prior to the court filing so that the Designating Party may make an application to the court that the Confidential Material be filed under seal~~ * (see below)

14. This ~~stipulation and~~ order shall remain in force and effect indefinitely until modified, superseded or terminated by Order of this Court, which may be entered pursuant to agreement of the parties hereto. This ~~stipulation and~~ order shall continue in effect after termination of this action and continue to be binding upon all persons to whom Confidential Material is disclosed hereunder.

15. The provisions of this ~~stipulation and~~ order shall not terminate at the conclusion of this litigation. All Confidential Material, including copies of such, shall be returned to the Designating Party or held by counsel to a party in this litigation to ensure that it will not be used or disclosed except in compliance with this stipulation and order.

16. Adherence to this ~~stipulation and~~ order in no way constitutes an admission by any party that any information provided in this litigation that is subject to this ~~stipulation and~~ order is proprietary or confidential.

17. This ~~stipulation and~~ order shall not abrogate or diminish any contractual, statutory or other legal obligation or right of any party or person, nor obligate any party or person to provide any discovery to which it in good faith asserts objections other than confidentiality objections, where such objections are sustained by the Court.

18. The terms of this ~~stipulation and~~ order shall apply to confidential documents or material produced or disclosed by a non-party in connection with this action only if such non-party designates the document or information as Confidential Material.

19. Each party reserves the right to apply to the Court to modify the terms of this ~~stipulation and~~ order in the event that the party believes that it is necessary. In the event that

* Any party that wishes to file confidential material with the Court as part of an affidavit, brief, or other submission, shall electronically submit a redacted copy of its submission for public filing (indicating the portions that have been redacted as "confidential") and shall also provide an unredacted copy to the Clerk of the Court in a sealed envelope bearing the legend: "Sealed pursuant to Order of the Court dated October 16, 2007."

such an application is made, all persons described herein shall be bound by this stipulation and order until it is modified by the Court.

20. Nothing in the foregoing provisions of this stipulation and order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, such additional protection with respect to the confidentiality of these proceedings or specific documents or testimony as that party may deem appropriate, including but not limited to restrictions on public disclosure or disclosure to competitors.

21. This stipulation and order may be executed in counterparts, whether by facsimile or email, which signatures shall be deemed to be effective as originals, but this stipulation and order shall be effective only upon all parties (or their counsel) and the Court executing this document and upon delivery of such fully executed document to all parties.

The undersigned counsel for the parties agree to be bound by the terms and conditions of this stipulation and order.

Date: October 15, 2007

FLEMMING ZULACK WILLIAMSON ZAUDERER LLP

WINSTON & STRAWN LLP

By:_____
Dean R. Nicyper (DRN-7757)
One Liberty Plaza
New York, New York 10006
(212)412-9500

By:_____
Kara Gorycki (KG-3519)
200 Park Avenue
New York, New York 10166
(212)294-6700

SO ORDERED: 10/16/07

_____
Hon. Debra Freeman
United States Magistrate Judge

Any application to maintain the confidentiality of materials at trial shall be made to Judge Stein in advance of trial.

NY:1141391.1