Flemming Zulack Williamson Zauderer LLP
One Liberty Plaza
New York, New York 10006
(212) 412-9500
Dean R. Nicyper, Esq. (DRN-7757)

Attorneys for Plaintiff Earl Davis

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
EARL DAVIS,

                         Plaintiff,

      -against-

SALANDER O'REILLY GALLERIES LLC
f/k/a SALANDER O'REILLY GALLERIES INC.,
and LAWRENCE B. SALANDER

                        Defendants.
------------------------------------------------------------------ X

Index No. 07 Civ. 4165 (SHS) (DF)

**DECLARATION OF DEAN R. NICYPER IN OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO WITHDRAW AS COUNSEL FOR DEFENDANT LAWRENCE B. SALANDER**

DEAN R. NICYPER declares under penalty of perjury under the laws of the United States that the following is true and correct:

1.    I am a member of the law firm Flemming Zulack Williamson Zauderer LLP, attorneys for the plaintiff, Earl Davis ("Davis" or "Plaintiff"), in this action against Defendants Lawrence B. Salander ("Salander") and Salander-O'Reilly Galleries ("SOR") (collectively referred to herein as "Defendants"). I submit this declaration in opposition to Winston & Strawn LLP's Order To Show Cause For Leave To Withdraw As Attorneys Of Record For Defendant Lawrence B. Salander (the "Motion").

2.    Throughout this action and similar lawsuits, individual Defendant Salander, for whom counsel for Defendants ("Winston" or "Defense Counsel") seeks to be relieved of representing, has failed to abide by court orders. To permit Defense Counsel's withdrawal at this critical juncture — with no evidence whatsoever that Salander has retained

299128

new counsel and without any factual information whatsoever justifying the withdrawal — would be highly prejudicial to Plaintiff.

   3.   Plaintiff commenced this action against Salander and SOR on May 29, 2007, five months ago, to recover the works of art ("Works") and the sales proceeds that Defendants were statutorily deemed to hold in trust for his sole benefit pursuant to the New York Arts & Cultural Affairs Law, and to obtain damages with respect to Defendants' breaches of fiduciary duties. The Court placed this action on an expedited track, with the close of discovery set for the end of this month and trial set to commence February 11, 2008.

   4.   Numerous other lawsuits have been filed against these same defendants. The following cases are only some of the cases filed over the last few months:

> Roy Lennox v. Salander-O'Reilly Galleries LLC; Lawrence Salander, 07-602917, filed 8/29/2007 (Sup. Ct. N.Y. Co.);
>
> Thomson Works of Art Limited v. Salander O'Reilly Galleries LLC, Lawrence B. Salander, and John Doe, 07 CIV 8522, filed 10/2/2007 (S.D.N.Y.);
>
> Nella Longari S.R.L. v. Salander-O'Reilly Galleries LLC and Lawrence Salander, 07 CIV 8484, filed 10/1/2007 (S.D.N.Y.);
>
> Ursus Books & Prints Ltd. v. Salander-O'Reilly Gallery Inc., 07-112646, filed 9/19/2007 (Sup. Ct., N.Y. Co.);
>
> Wein-Reis Investments Trust II v. Larry Salander; Salander O'Reilly Galleries LLC, 07-603141, filed 9/21/2007 (Sup. Ct., N.Y. Co.);
>
> Les Looms Inc. v. Salander-O'Reilly Galleries LLC, 07-603126, filed 9/20/2007 (Sup. Ct., N.Y. Co.);
>
> Utilities & Industries Management Corp. v. Salander-O'Reilly Galleries LLC; Lawrence Salander, 07-111040, filed 8/13/2007 (Sup. Ct., N.Y. Co.);

   Curtis Galleries Inc.; Curtis Squire Inc. v. Salander-O'Reilly
Galleries LLC; Lawrence Salander, 07-602676, filed 8/7/2007
(Sup. Ct., N.Y. Co.);

   Carol Cohen v. Lawrence Salander; Salander-O'Reilly Galleries
LLC, 07-113340, filed 10/3/2007 (Sup. Ct., N.Y. Co.);

   American Express Centurion Bank; American Express Bank FSB
v. Lawrence Salander; Salander-O'Reilly Galleries, 07-113744,
filed 10/11/2007 (Sup. Ct., N.Y. Co.);

   Kraken Investments Limited; Golconda Fine Art Ltd. v. Salander-
O'Reilly Galleries LLC, 07-603555, filed 10/26/2007 (Sup Ct.,
N.Y. Co.);

   Frelinghuysen Morris Foundation; T Kinney Frelinghuysen v.
Salander O'Reilly Galleries LLC; Lawrence Salander, 07-603563,
filed 10/26/2007 (Sup. Ct., N.Y. Co.).

  5. At the conference before this Court on October 19, 2007, this Court stated that "there is insufficient information in [these] moving papers on which to act," and told Defense Counsel at the October 19th conference that "on the state of these papers, I would not grant [the application]; I'd need to know more facts." (See transcript of the October 19, 2007 conference, an excerpt of which is attached as Exhibit 1, at 21, 24.) Yet, in the face of these admonitions, Winston has not even attempted to supplement information in its moving papers.

  6. New twists and turns arise almost daily with respect to the claims against the Gallery and Salander, with news of lawsuits, injunctions, restraining orders, judgments, conjectured settlements, and 11th hour court conferences working into the mix with ever-increasing frequency. For example, we have been informed that the Manhattan District Attorney's Offices instituted a criminal investigation into SOR's business. The Federal Bureau of Investigation also has been inquiring into this matter. This is not the time for Defendant Salander to be without counsel.

  7. The prospect of Mr. Salander being unrepresented is a particularly grave

299128     3

concern given that he has consistently demonstrated that he cannot be trusted to follow court orders or to take legal proceedings seriously. As we previously wrote to this Court, within one day after the October 10th oral argument in this action on Plaintiff's Motion For Contempt And For A Preliminary Injunction, the Defendants' Gallery was closed pursuant to an Order in another action by Justice Lowe of the New York State Supreme Court based on the Gallery's and individual Defendant Salander's violation of a temporary restraining order. (Copies of the Order of the court, with the accompanying Order to Show Cause and Affirmation of Barry I. Slotnick, are attached as Exhibit 2.)

8. These events are further proof, as we argued before this Court on October 10, 2007, that the Defendants are willing to blithely disregard court orders. Winston is defense counsel not only in this action, but also in the state court action before Justice Lowe and, upon information and belief, in several other actions against these two defendants. Winston also has moved to withdraw as Mr. Salander's counsel in the action before Justice Lowe. It appears therefore, that Salander is to be left on his own in more than this action alone.

9. For the foregoing reasons and those set forth in our accompanying memorandum of law, Plaintiff respectfully requests that Winston's motion for leave to withdraw be denied.

Executed on November 1, 2007

_____
DEAN R. NICYPER

299128

4