Flemming Zulack Williamson Zauderer LLP
One Liberty Plaza
New York, New York 10006
(212) 412-9500
Dean R. Nicyper, Esq. (DRN-7757)

Attorneys for Plaintiff Earl Davis

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
EARL DAVIS,
                               Plaintiff,

      -against-

SALANDER O'REILLY GALLERIES LLC
f/k/a SALANDER O'REILLY GALLERIES INC.,
and LAWRENCE B. SALANDER

                              Defendants.
------------------------------------------------------------------ X

Index No. 07 Civ. 4165 (SHS) (DF)

**MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANTS' MOTION FOR LEAVE TO WITHDRAW
AS COUNSEL OF RECORD FOR DEFENDANT LAWRENCE B. SALANDER**

                           FLEMMING ZULACK WILLIAMSON ZAUDERER LLP
                           One Liberty Plaza, 35th Floor
                           New York, New York 10006
                           (212) 412-9500

                           Dean R. Nicyper, Esq. (DRN-7757)

                           Attorneys for Plaintiff Earl Davis

Of Counsel:
Jean Marie Hackett

299169

Plaintiff Earl Davis respectfully submits this Memorandum Of Law In Opposition To Winston & Strawn LLP's Order To Show Cause For Leave To Withdraw As Counsel Of Record For Defendant Lawrence B. Salander (the "Motion"). The Motion should be denied for two reasons: (1) Winston & Strawn LLP ("Winston" or "Defense Counsel") has failed to provide any reason – let alone "satisfactory reasons" as required by Local Civil Rule 1.4 — why this Court should grant its request; (2) given the flurry of activity in this case and in the twenty or more other lawsuits that have been filed against these same defendants, the possibility that Defendant Lawrence Salander ("Salander") could be unrepresented by counsel – even for a short period of time – would be highly prejudicial to Plaintiff and delay efficient resolution of this matter; and (3) an involuntary bankruptcy petition was filed today against the Defendant Salander O'Reilly Galleries LLC ("SOR" or the "Gallery") and it is necessary to determine what will occur there before any further decisions are made in this action.[1]

## ARGUMENT

### DEFENSE COUNSEL'S WITHDRAWAL AT THIS CRITICAL JUNCTURE – WITHOUT ANY REASON JUSTIFYING SUCH A REQUEST AND WITHOUT SUCCESSOR COUNSEL -- WOULD BE HIGHLY PREJUDICIAL TO PLAINTIFF AND OBSTRUCT ORDERLY DISPOSITION OF THIS LAWSUIT

Local Civil Rule 1.4 provides that an order granting leave to withdraw "may be granted only upon a showing by affidavit of satisfactory reasons for withdrawal." Winston has failed to provide any reason -- let alone "satisfactory reasons" -- why this Court should grant its request. See Rophaiel v. Alken Murray Corp., No. 94 Civ.9064 (CSH), 1996 WL 306457, at * 2 (S.D.N.Y. June 7, 1996) (denying law firm's motion to withdraw where counsel failed to provide

---

[1] We understand that an involuntary Chapter 7 case was commenced today against the Gallery. In opposing Winston's Motion, Plaintiff does not seek any relief against the Gallery or its property, to exercise control over any property of the Gallery, or to further pursue any claims against the Gallery or its property. Plaintiff is simply addressing the Motion, as it pertains to Winston and individual Defendant Salander.

299169

sufficient information to justify withdrawal). Further, as Mr. Salander is at the heart of a legal maelstrom, his potential lack of representation could send this action and a host of others into chaos. For these reasons, as set forth in greater detail below, Winston's Motion should be denied.

> A. **Winston Does Not Contend That An Actual Conflict Exists And Offers No Facts Demonstrating That One Does Exist**

The only stated "reason" for withdrawal offered by Winston is some purported potential conflict that *could* arise with respect to its representation of both defendant Salander and defendant SOR (SOR and Salander are collectively referred to herein as "Defendants"). Winston, however, fails to articulate what this "potential" conflict could be. (See accompanying Declaration of Dean R. Nicyper In Opposition To Defendants' Application For Leave To Withdraw As Counsel For Defendant Lawrence B. Salander ("Nicyper Dec.") at ¶ 2, 5.)

In fact, Mr. Mollón's moving declaration fails to tell the Court anything that it does not already know – i.e., that there exists a *potential* conflict of interest in Winston's joint representation of Defendants SOR and Salander. Certainly this *potential* conflict is no surprise to Winston or Defendants. (See Declaration Of David E. Mollón In Support Of Motion For Leave To Withdraw As Attorneys Of Record For Lawrence B. Salander ("Mollón Dec." or "Mollón Declaration") at ¶ 5.) Indeed, the potential for conflict has existed since the inception of Winston's representation of these Defendants, as Winston and Defendants explicitly acknowledged in their engagement letter agreement which is attached to the Mollón Declaration. (See Mollón Dec. ¶ 5, and engagement letter attached at Exhibit A thereto, at 3.) That agreement contains the following provision: "Each of you agree and acknowledge that there exists the possibility that a conflict of interest may arise in the course of the multiple representation by

299169                                    2

Winston & Strawn LLP of SOR and Mr. Salander . . . ." (Mollón Dec., Exhibit A, at 3.)

Winston's Brief and Mr. Mollón's Declaration do not state that an actual conflict now exists — which is the only stated permissible ground for withdrawal set forth in Winston's and Defendants' engagement letter. To the contrary, the Mollón Declaration merely states that it is "increasingly likely that the interests of the Galleries and Salander *may diverge*." (Mollón Dec. ¶ 9) (emphasis added). Defense Counsel offers no reason why any inherent potential conflict, which always existed, suddenly warrants Winston's withdrawal at this time.

This Court already recognized the inadequacy of Winston's motion, stating at the October 19th conference, that "there is insufficient information in [these] moving papers on which to act." (Nicyper Dec. ¶ 5 and Exhibit 1 at 21.) This Court even admonished Defense Counsel at that status conference that "on the state of these papers, I would not grant [the application]; I'd need to know more facts." (Nicyper Dec. ¶ 5 and Exhibit 1 at 24.) Yet, Winston has failed to make any effort whatsoever to provide more facts. If Winston attempts to do so after this Opposition is served, their actions will constitute improper motion by ambush, which will prejudice Plaintiff severely, and warrant denial of the Motion and constitute grounds for issuance of sanctions against Winston.

The case law cited by Winston on conflicts is of no use here where there are simply no facts to support the withdrawal request. Regardless, decisions even Winston cites state that "'[d]isqualification should be mandated when an actual, *as opposed to hypothetical or theoretical*, conflict is present.'" TWI Int'l v. Vanguard Oil & Serv. Co., 162 B.R. 672, 675 (S.D.N.Y. 1994) (emphasis added) (quoting In Re O'Connor, 52 B.R. 892, 897 (Bankr. W.D. Ok. 1985). (See Winston's Memorandum Of Law In Support Of Motion For Leave To Withdraw As Attorneys Of Record For Defendant Lawrence B. Salander ("Winston's Brief") at

299169    3

4.) Because Winston has failed to identify any conflict, at this time there is no conflict sufficient to warrant Winston's withdrawal.

> B. **Withdrawal Of Winston As Salander's Counsel, Leaving Salander Unrepresented, Will Result In Chaos, Delay And Prejudice To Plaintiff**

The prospect that Salander may be unrepresented for even a short period of time would be highly prejudicial to Plaintiff and could severely delay resolution of this action. Within the Second Circuit, when addressing motions to withdraw as counsel, courts "must consider whether 'the prosecution of the suit is [likely to be] disrupted by the withdrawal of counsel.'" Vachula v. Gen. Elec. Corp., 199 F.R.D. 454, 458 (D. Conn. 2000) (quoting Whiting v. Lacara, 187 F.3d 317, 321 (2d Cir. 1999)).

The repercussions this withdrawal has for Plaintiff's ability to prosecute and resolve this action cannot be overstated. Since filing this action five months ago, numerous other lawsuits have been filed against SOR and Salander, including several filed in the past week alone. (Nicyper Dec. ¶ 4.) The accompanying Nicyper Declaration identifies twelve such lawsuits, and it is not a complete list of all lawsuits filed in the past five months. (Id.) New twists and turns arise daily in the various cases against these two Defendants, with news of lawsuits, injunctions, restraining orders, judgments, conjectured settlements, and 11th hour court conferences working into the mix with ever-increasing frequency. (Id. at ¶ 6.) More recently, we learned that the Manhattan District Attorney's Offices instituted a criminal investigation into SOR's business. (Id.) We also have learned that the Federal Bureau of Investigation has been looking into this matter. (Id.) Given these highly charged and frenetic circumstances, this is not the time for Salander to be without counsel. (Id. at ¶¶ 4, 6.)

The prospect of Mr. Salander being unrepresented is a particularly grave concern given

299169                                                     4

the documented record of his failure to follow court orders or to take legal proceedings seriously. A mere 24 hours after the October 10th oral argument in this action on Plaintiff's Motion For Contempt and For A Preliminary Injunction — filed because Defendants had made no attempt to comply with the Stipulation and Order that had been so-ordered in this action — the Defendants' Gallery was closed pursuant to an Order by Justice Lowe of the New York State Supreme Court based on the Gallery's and individual Defendant Salander's violation of a temporary restraining order. (Nicyper Dec. ¶ 7 and Exhibit 2).

These events show that the Defendants are willing to blithely disregard court orders. (Id. at ¶¶ 7-8.) Salander's behavior even while represented underscores the potential chaos that will ensue should he be unrepresented for any period of time in this action. This Court set an expedited discovery schedule in this action with a trial date in February specifically because of the dire financial circumstances Defendants had created for themselves warranted an expedited resolution. Any withdrawal by Winston as Salander's counsel, leaving Salander unrepresented, is a recipe for delay. It would play into the hands of Defendants and reward them for exacerbating the misconduct that already has victimized Plaintiff and others. Orderly and timely prosecution of this action, already difficult due to Salander's antics thus far, would be near impossible should Winston's withdrawal be permitted.

## CONCLUSION

For all of the forgoing reasons, Plaintiff respectfully requests that the motion of Winston & Strawn to withdraw from its representation of Defendant Salander be denied.

Dated: New York, New York
       November 1, 2007

                                                    Flemming Zulack Williamson Zauderer LLP

                                By: _____
                                        Dean R. Nicyper (DN-7757)
                                        One Liberty Plaza
                                        New York, New York 10006
                                        (212) 412-9500
                                        Attorneys for Plaintiff Earl Davis