# Exhibit
# D

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SAUNDRA B. LANE, | ) |
| | ) |
| Plaintiff, | ) Case No. 18 MS 0302 |
| | ) |
| | ) Judgment No.: 07-1874 |
| v. | ) |
| | ) **RESTRAINING NOTICE** |
| LAWRENCE SALANDER and | ) **TO GARNISHEE** |
| SALANDER-O'REILLY GALLERIES, | ) |
| LLC, | ) |
| Defendants. | ) |
| | ) |

## *THE PEOPLE OF THE STATE OF NEW YORK*

TO:    First Republic Bank
       1230 Avenue of The Americas
       New York, NY 10020

**GREETINGS:**

**WHEREAS** in an action in United States District Court for the District of Massachusetts, Case No. 06-CV-40178-FDS, between plaintiff Saundra B. Lane and defendants Lawrence Salander and Salander-OReilly Galleries, LLC, who are all the parties named in said action, a judgment was entered on September 24, 2007, in favor of plaintiff Saundra B. Lane, judgment creditor, and against defendants Lawrence Salander and Salander-O'Reilly Galleries, LLC, judgment debtors, in the amount of $4,322,166.05, which remains unpaid.

**WHEREAS,** the judgment was registered with the Clerk of the United States District Court for the Southern District of New York on September 28, 2007;

**WHEREAS,** a transcript of the judgment was docketed with the County Clerk of New York County on October 12, 2007;

**WHEREAS,** it appears that you owe a debt to the judgment debtor or are in possession or in custody of property in which the judgment debtor has an interest:

**TAKE NOTICE** that, pursuant to CPLR § 5222(b), which is set forth in full herein, you are hereby forbidden to make or suffer any sale, assignment or transfer of, or any interference with any property in which you have an interest, except as therein provided;

**TAKE FURTHER NOTICE** that this notice also covers all property in which the judgment debtor has an interest hereafter coming into your possession or custody, and all debts hereafter coming due from you to the judgment debtor.

10419494 1

## CIVIL PRACTICE LAW AND RULES

**Section 5222(b).  Effect of restraint; prohibition of transfer; duration.**
A judgment debtor or obligor served with a restraining notice is forbidden to
make or suffer any sale, assignment, transfer or interference with any property in
which he or she has an interest, except upon direction of the sheriff or pursuant to
an order of the court, until the judgment or order is satisfied or vacated. A
restraining notice served upon a person other than the judgment debtor or obligor
is effective only if, at the time of service, he or she owes a debt to the judgment
debtor or obligor or he or she is in the possession or custody of property in which
he or she knows or has reason to believe the judgment debtor or obligor has an
interest, or if the judgment creditor or support collection unit has stated in the
notice that a specified debt is owed by the person served to the judgment debtor or
obligor or that the judgment debtor or obligor has an interest in specified property
in the possession or custody of the person served. All property in which the
judgment debtor or obligor is known or believed to have an interest then in and
thereafter coming into the possession or custody of such a person, including any
specified in the notice, and all debts of such a person, including any specified in
the notice, then due and thereafter coming due to the judgment debtor or obligor,
shall be subject to the notice. Such a person is forbidden to make or suffer any
sale, assignment or transfer of, or any interference with, any such property, or pay
over or otherwise dispose of any such debt, to any person other than the sheriff or
the support collection unit, except upon direction of the sheriff or pursuant to an
order of the court, until the expiration of one year after the notice is served upon
him or her, or until the judgment or order is satisfied or vacated, whichever event
first occurs. A judgment creditor or support collection unit which has specified
personal property or debt in a restraining notice shall be liable to the owner of the
property or the person to whom the debt is owed, if other than the judgment
debtor or obligor, for any damages sustained by reason of the restraint. If a
garnishee served with a restraining notice withholds the payment of money
belonging or owed to the judgment debtor or obligor in an amount equal to twice
the amount due on the judgment or order, the restraining notice is not effective as
to other property or money.

TAKE FURTHER NOTICE THAT DISOBEDIENCE OF THIS RESTRAINING

NOTICE IS PUNISHABLE AS A CONTEMPT OF COURT.

Dated: New York, New York
        October 12, 2007

                          WINDELS MARX LANE & MITTENDORF, LLP

                          By _____
                                Howard L. Simon
                                Jennifer B. Wisnia
                                156 West 56th Street
                                New York, N.Y. 10019
                                (212) 237-1000

                                *Local Counsel for Judgment Creditor*
                                *Saundra B. Lane*


                          NUTTER McCLENNEN & FISH LLP

                                Joseph F. Shea
                                Heather B. Repicky
                                World Trade Center West
                                155 Seaport Boulevard
                                Boston, M.A. 02210
                                (617) 439-2000

                                *Counsel for Judgment Creditor*
                                *Saundra B. Lane*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SAUNDRA B. LANE,

     Plaintiff,

     v.

LAWRENCE SALANDER and
SALANDER-O'REILLY GALLERIES,
LLC,

     Defendants.

Case No.: 18 MS 0302

Judgment No.: 07-1874

**INFORMATION SUBPOENA**

---

### THE PEOPLE OF THE STATE OF NEW YORK

TO: First Republic Bank
    1230 Avenue of The Americas
    New York, NY 10020

GREETINGS:

**WHEREAS**, in an action in the United States District Court for the District of Massachusetts, Case No. 06-CV-40178-FDS, between plaintiff Saundra B. Lane and defendants Lawrence Salander and Salander-O'Reilly Galleries, LLC, who are all parties named in said action, a judgment was entered on September 14, 2007, in favor of plaintiff Saundra B. Lane, judgment creditor, and against defendants Lawrence Salander and Salander-O'Reilly Galleries, LLC, judgment debtors, in the amount of $4,322,166.05, which remains unpaid.

**WHEREAS**, the judgment was registered with the Clerk of the United States District Court for the Southern District of New York on September 28, 2007;

**WHEREAS**, a transcript of the judgment was docketed with the County Clerk of New York County on October 12, 2007;

**WHEREAS**, the person to whom this subpoena is directed has an office for the regular transaction of business in person in New York County,

**NOW, THEREFORE WE COMMAND YOU**, that you answer in writing under oath, separately and fully, each question in the questionnaire accompanying this subpoena, each answer referring to the question to which it responds; and that you return the answers together with the original questions and photocopies of any requested documents within 7 days after your receipt of questions and this subpoena.

**TAKE NOTICE** that false swearing or failure to comply with this subpoena is punishable as a contempt of court.

Dated: New York, New York
       October 12, 2007

WINDELS MARX LANE & MITTENDORF, LLP

By _____
       Howard L. Simon
       Jennifer B. Wisnia
       156 West 56th Street
       New York, N.Y. 10019
       (212) 237-1000

       *Local Counsel for Judgment Creditor*
       *Saundra B. Lane*

NUTTER McCLENNEN & FISH LLP

       Joseph F. Shea
       Heather B. Repicky
       World Trade Center West
       155 Seaport Boulevard
       Boston, M.A. 02210
       (617) 439-2000

       *Counsel for Judgment Creditor*
       *Saundra B. Lane*

Enclosed: Question Form; original and copy.
          Prepaid, addressed return envelope.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

——— ——— ——— ——— ———

SAUNDRA B. LANE,                     )
                                     )
           Plaintiff,                )    Case No. 18 MS 0302
                                     )
     v.                              )    Judgment No. 07-1874
                                     )
LAWRENCE SALANDER and                )    **INFORMATION SUBPOENA**
SALANDER-O'REILLY GALLERIES,         )    **QUESTION FORM**
LLC,                                 )
           Defendants.               )    **RE: LAWRENCE SALANDER AND SALANDER-**
                                     )    **O'REILLY GALLERIES, LLC, Judgment Debtors**
                                     )
——— ——— ——— ——— ———                 )


STATE OF NEW YORK     )
                      : ss.:
COUNTY OF NEW YORK    )


——————————————————————————, being duly sworn deposes and says; that deponent is the
————————————————————— of First Republic Bank, recipient of an information subpoena herein and of
the original and copy of the questions accompanying said subpoena. The answers set forth below are made
from information obtained from the records of the recipient.

Q. No. 1    Do you have a record of any account in which the judgment debtors may have an interest, whether
            under the name of the judgment debtors a/k/a Lawrence Salander or Salander-O'Reilly Galleries,
            LLC, or under a trade or corporate name, or in association with others, as of the date of the
            subpoena or within 5 years prior thereto?

            Answer No. 1:


Q. No. 2    As to each such account, what is the exact title of the account, the date opened, amounts presently
            on deposit; if closed, the amount on deposit when closed and the date closed?

            Answer No. 2:    <u>Title</u>          <u>Date Opened</u>          <u>Amount on Deposit</u>          <u>Date Closed</u>

Q. No. 3    As to each such account, provide a complete account history, or copies of documents containing a
            complete account history.

            Answer No. 3:


13043957 1:

Q. No. 4    As to each account, for the period from the preceding five years to date, list all transfers to and from such accounts, including all money and wire transfers, asset transfers, deposits and withdrawals. Include the name, account number and, if known, address, of the party or parties to whom or from whom funds transfers were made.

Answer No. 4:


Q. No. 5    As to each such account, provide copies of all monthly statements produced in connection with the account over the preceding five years to date.

Answer No. 5:


Q. No. 6    As to each such account, provide copies of all cancelled checks obtained in connection with the account over the preceding five years to date.

Answer No. 6:


Q. No. 7    Are or were the judgment debtor(s) indebted to you?

Answer:


Q. No. 8    As to each indebtedness, what is the amount of the original indebtedness, the date incurred, the amount repaid and date of such repayment?

Answer No. 8:    <u>Amount</u>         <u>Dated Incurred</u>         <u>Amount Repaid</u>         <u>Date Repaid</u>


Q. No. 9    Do you hold any lien, mortgage or other security interest against property of the debtor(s)?

Answer No. 9:


Q. No. 10    What is the nature of each such lien, mortgage or other security interest, the full description of the property affected by the lien, mortgage or other security interest, the location and identity of the office of the filing or recording and full indexing information?

Answer No. 10:


Q. No. 11    Have the judgment debtor(s) given you a statement of their financial condition?

Answer No. 11:

Q. No. 12  What assets are disclosed therein (or in the alternative supply a copy thereof)?

Answer No. 12:

_____
Signature - print or type name beneath

Dated

_____
NOTARY PUBLIC

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

STANLEY MOSS AND COMPANY, INC.                    )        Index No. 110981/07
                                                                          )
                                                                          )
                                        Plaintiff,        )        **RESTRAINING NOTICE**
                                                                          )        **TO JUDGMENT DEBTOR**
        -against-                                              )        **WITH NOTICE TO**
                                                                          )        **JUDGMENT DEBTOR**
SALANDER-O'REILLY GALLERIES, LLC and       )
LAWRENCE SALANDER,                              )        Re: SALANDER-O'REILLY
                                                                          )        GALLERIES, LLC, Judgment Debtor
                                        Defendants.        )
                                                                          )
_____ )

## The People of the State of New York

TO:    **SALANDER-O'REILLY GALLERIES, LLC**, Judgment Debtor-Garnishee:
        22 East 71st Street
        New York, New York 10021

**GREETING**:

        **WHEREAS**, in the above action in the Supreme Court of the State of New York, County of New York, between STANLEY MOSS & COMPANY, INC., as plaintiff and SALANDER-O'REILLY GALLERIES, LLC and LAWRENCE SALANDER as defendants, all parties of which are listed in the caption above or herein, a Judgment was entered on August 10, 2007 in favor of STANLEY MOSS & COMPANY, INC. and against SALANDER-O'REILLY GALLERIES, LLC and LAWRENCE SALANDER, Judgment Debtors, for One Million, Fourteen Thousand, Eight Hundred, Forty-Four Dollars, and Seventy-Three Cents ($1,014,844.73) together with interest thereon at the rate of ten percent (10%) per annum from August 10, 2007, and which remains due and unpaid;

        **WHEREAS**, it appears that you are a judgment debtor or are in possession or in custody of property in which the judgment debtor has an interest;

        **TAKE NOTICE** that pursuant to subdivision (b) of Section 5222 of the New York Civil Practice Law and Rules, which is set forth in full herein, you are hereby forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property or pay over or otherwise dispose of any such debt except as therein provided.

        **TAKE FURTHER NOTICE** that this notice also covers all property in which the judgment debtor has an interest hereafter coming into your possession or custody, and all debts hereafter coming due from you to the judgment debtor.

# CIVIL PRACTICE LAW AND RULES

Section 5222(b) Effect of restraint; prohibition of transfer; duration. A judgment debtor served with a restraining notice is forbidden to make or suffer any sale, assignment, transfer or interference with any property in which he has an interest, except upon direction of the sheriff or pursuant to an order of the court, until the judgment is satisfied or vacated. A restraining notice served upon a person other than the judgment debtor is effective only if, at the time of service, he owes a debt to the judgment debtor or he is in the possession or custody of property in which he knows or has reason to believe the judgment debtor has an interest, or if the judgment creditor has stated in the notice that a specified debt is owed by the person served to the judgment debtor or that the judgment debtor has an interest in specified property in the possession or custody of the person served. All property in which the judgment debtor is known or believed to have an interest then in and thereafter coming into the possession or custody of such a person, including any specified in the notice, and all debts of such a person, including any specified in the notice, then due and thereafter coming due to the judgment debtor, shall be subject to the notice. Such a person is forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt, to any person other than the sheriff, except upon direction of the sheriff or pursuant to an order of the court, until the expiration of one year after the notice is served upon him, or until the judgment is satisfied or vacated, whichever event first occurs. A judgment creditor who has specified personal property or debt in a restraining notice shall be liable to the owner of the property or the person to whom the debt is owed, if other than the judgment debtor, for any damages sustained by reason of the restraint. If a garnishee served with a restraining notice withholds the payment of money belonging or owed to the judgment debtor in an amount equal to twice the amount due on the judgment, the restraining notice is not effective as to other property or money.

**TAKE FURTHER NOTICE** that disobedience of this Restraining Notice is punishable as a contempt of court

## NOTICE TO JUDGMENT DEBTOR

Money or property belonging to you may have been taken or held in order to satisfy a judgment which has been entered against you. Read this carefully.

## YOU MAY BE ABLE TO GET YOUR MONEY BACK

State and federal laws prevent certain money or property from being taken to satisfy judgments. Such money or property is said to be "exempt." The following is a partial list of money which may be exempt:

1. Supplemental security income, (SSI);
2. Social security;
3. Public assistance (welfare);
4. Alimony or child support;
5. Unemployment benefits;

6. Disability benefits;
7. Workers' compensation benefits;
8. Public or private pensions; and
9. Veterans benefits.

2

If you think any of your money that has been taken or held is exempt, you must act promptly because the money may be applied to the judgment or order. If you claim that any of your money that has been taken or held is exempt, you may contact the person sending this notice.

Also, YOU MAY CONSULT AN ATTORNEY, INCLUDING LEGAL AID IF YOU QUALIFY. The law (New York civil practice law and rules, article four and sections fifty-two hundred thirty-nine and fifty-two hundred forty) provides a procedure for determination of a claim to an exemption.

Dated: August 10, 2007
      New York, New York

               COWAN, DeBAETS, ABRAHAMS
                & SHEPPARD LLP

By_____
               Al J. Daniel, Jr.
             41 Madison Avenue, 34th Floor
             New York, New York 10010
             (212) 974-7474
             Attorneys for Plaintiff

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

STANLEY MOSS AND COMPANY, INC.     )   Index No. 110981/07
                                      )
                                      )
                Plaintiff,       )   **RESTRAINING NOTICE**
                                      )   **TO JUDGMENT DEBTOR**
   -against-                           )   **WITH NOTICE TO**
                                      )   **JUDGMENT DEBTOR**
SALANDER-O'REILLY GALLERIES, LLC and   )
LAWRENCE SALANDER,                 )   **Re:** LAWRENCE SALANDER,
                                      )       Judgment Debtor
              Defendants.      )
                                      )

## The People of the State of New York

TO:    **LAWRENCE SALANDER**, Judgment Debtor-Garnishee:
       82 East 82nd Street
       New York, New York 10028

**GREETING**:

       **WHEREAS**, in the above action in the Supreme Court of the State of New York, County of New York, between STANLEY MOSS & COMPANY, INC., as plaintiff and SALANDER-O'REILLY GALLERIES, LLC and LAWRENCE SALANDER as defendants, all parties of which are listed in the caption above or herein, a Judgment was entered on August 10, 2007 in favor of STANLEY MOSS & COMPANY, INC. and against SALANDER-O'REILLY GALLERIES, LLC and LAWRENCE SALANDER, Judgment Debtors, for One Million, Fourteen Thousand, Eight Hundred, Forty-Four Dollars, and Seventy-Three Cents ($1,014,844.73) together with interest thereon at the rate of ten percent (10%) per annum from August 10, 2007, and which remains due and unpaid;

       **WHEREAS**, it appears that you are a judgment debtor or are in possession or in custody of property in which the judgment debtor has an interest;

       **TAKE NOTICE** that pursuant to subdivision (b) of Section 5222 of the New York Civil Practice Law and Rules, which is set forth in full herein, you are hereby forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property or pay over or otherwise dispose of any such debt except as therein provided.

       **TAKE FURTHER NOTICE** that this notice also covers all property in which the judgment debtor has an interest hereafter coming into your possession or custody, and all debts hereafter coming due from you to the judgment debtor.

# CIVIL PRACTICE LAW AND RULES

Section 5222(b) Effect of restraint; prohibition of transfer; duration. A judgment debtor served with a restraining notice is forbidden to make or suffer any sale, assignment, transfer or interference with any property in which he has an interest, except upon direction of the sheriff or pursuant to an order of the court, until the judgment is satisfied or vacated. A restraining notice served upon a person other than the judgment debtor is effective only if, at the time of service, he owes a debt to the judgment debtor or he is in the possession or custody of property in which he knows or has reason to believe the judgment debtor has an interest, or if the judgment creditor has stated in the notice that a specified debt is owed by the person served to the judgment debtor or that the judgment debtor has an interest in specified property in the possession or custody of the person served. All property in which the judgment debtor is known or believed to have an interest then in and thereafter coming into the possession or custody of such a person, including any specified in the notice, and all debts of such a person, including any specified in the notice, then due and thereafter coming due to the judgment debtor, shall be subject to the notice. Such a person is forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt, to any person other than the sheriff, except upon direction of the sheriff or pursuant to an order of the court, until the expiration of one year after the notice is served upon him, or until the judgment is satisfied or vacated, whichever event first occurs. A judgment creditor who has specified personal property or debt in a restraining notice shall be liable to the owner of the property or the person to whom the debt is owed, if other than the judgment debtor, for any damages sustained by reason of the restraint. If a garnishee served with a restraining notice withholds the payment of money belonging or owed to the judgment debtor in an amount equal to twice the amount due on the judgment, the restraining notice is not effective as to other property or money.

**TAKE FURTHER NOTICE** that disobedience of this Restraining Notice is punishable as a contempt of court

## NOTICE TO JUDGMENT DEBTOR

Money or property belonging to you may have been taken or held in order to satisfy a judgment which has been entered against you. Read this carefully.

## YOU MAY BE ABLE TO GET YOUR MONEY BACK

State and federal laws prevent certain money or property from being taken to satisfy judgments. Such money or property is said to be "exempt." The following is a partial list of money which may be exempt:

1. Supplemental security income, (SSI);
2. Social security;
3. Public assistance (welfare);
4. Alimony or child support;
5. Unemployment benefits;

6. Disability benefits;
7. Workers' compensation benefits;
8. Public or private pensions; and
9. Veterans benefits.

2

If you think any of your money that has been taken or held is exempt, you must act promptly because the money may be applied to the judgment or order. If you claim that any of your money that has been taken or held is exempt, you may contact the person sending this notice.

Also, YOU MAY CONSULT AN ATTORNEY, INCLUDING LEGAL AID IF YOU QUALIFY. The law (New York civil practice law and rules, article four and sections fifty-two hundred thirty-nine and fifty-two hundred forty) provides a procedure for determination of a claim to an exemption.

Dated: August 10, 2007
      New York, New York

                      COWAN, DeBAETS, ABRAHAMS
                        & SHEPPARD LLP

              By _____

                    Al J. Daniel, Jr.
                  41 Madison Avenue, 34th Floor
                  New York, New York 10010
                  (212) 974-7474
                  Attorneys for Plaintiff

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | | |
|---|---|---|
| STANLEY MOSS AND COMPANY, INC. | ) | Index No. 110981/07 |
| | ) | |
| | ) | |
| Plaintiff, | ) | **RESTRAINING NOTICE** |
| | ) | |
| -against- | ) | |
| | ) | **Re:** SALANDER-O'REILLY |
| SALANDER-O'REILLY GALLERIES, LLC and | ) | GALLERIES, LLC, and |
| LAWRENCE SALANDER, | ) | LAWRENCE SALANDER, |
| | ) | Judgment Debtors |
| Defendants. | ) | |
| | ) | |
| | ) | |

## The People of the State of New York

TO:    **FIRST REPUBLIC BANK**, Garnishee:
Rockefeller Center
1230 Avenue of the Americas
New York, New York 10020

**GREETING**:

   **WHEREAS**, in the above action in the Supreme Court of the State of New York, County of New York, between STANLEY MOSS & COMPANY, INC., as plaintiff and SALANDER-O'REILLY GALLERIES, LLC and LAWRENCE SALANDER as defendants, all parties of which are listed in the caption above or herein, a Judgment was entered on August 10, 2007 in favor of STANLEY MOSS & COMPANY, INC. and against SALANDER-O'REILLY GALLERIES, LLC and LAWRENCE SALANDER, Judgment Debtors, for One Million, Fourteen Thousand, Eight Hundred, Forty-Four Dollars, and Seventy-Three Cents ($1,014,844.73) together with interest thereon at the rate of ten percent (10%) per annum from August 10, 2007, and which remains due and unpaid;

   **WHEREAS**, it appears that you owe a debt to the judgment debtor or are in possession or in custody of property in which the judgment debtor has an interest;

   **TAKE NOTICE** that pursuant to subdivision (b) of Section 5222 of the New York Civil Practice Law and Rules, which is set forth in full herein, made applicable by Fed. R. Civ. P. 69(a), you are hereby forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property or pay over or otherwise dispose of any such debt except as therein provided.

   **TAKE FURTHER NOTICE** that this notice also covers all property in which the judgment debtor has an interest hereafter coming into your possession or custody, and all debts hereafter coming due from you to the judgment debtor.

# CIVIL PRACTICE LAW AND RULES

Section 5222(b) Effect of restraint; prohibition of transfer; duration. A judgment debtor served with a restraining notice is forbidden to make or suffer any sale, assignment, transfer or interference with any property in which he has an interest, except upon direction of the sheriff or pursuant to an order of the court, until the judgment is satisfied or vacated. A restraining notice served upon a person other than the judgment debtor is effective only if, at the time of service, he owes a debt to the judgment debtor or he is in the possession or custody of property in which he knows or has reason to believe the judgment debtor has an interest, or if the judgment creditor has stated in the notice that a specified debt is owed by the person served to the judgment debtor or that the judgment debtor has an interest in specified property in the possession or custody of the person served. All property in which the judgment debtor is known or believed to have an interest then in and thereafter coming into the possession or custody of such a person, including any specified in the notice, and all debts of such a person, including any specified in the notice, then due and thereafter coming due to the judgment debtor, shall be subject to the notice. Such a person is forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt, to any person other than the sheriff, except upon direction of the sheriff or pursuant to an order of the court, until the expiration of one year after the notice is served upon him, or until the judgment is satisfied or vacated, whichever event first occurs. A judgment creditor who has specified personal property or debt in a restraining notice shall be liable to the owner of the property or the person to whom the debt is owed, if other than the judgment debtor, for any damages sustained by reason of the restraint. If a garnishee served with a restraining notice withholds the payment of money belonging or owed to the judgment debtor in an amount equal to twice the amount due on the judgment, the restraining notice is not effective as to other property or money.

**TAKE FURTHER NOTICE** that disobedience of this Restraining Notice is punishable as a contempt of court.

Dated: August 10, 2007
      New York, New York

COWAN, DeBAETS, ABRAHAMS
& SHEPPARD LLP

By _____
    Al J. Daniel, Jr.
41 Madison Avenue, 34th Floor
New York, New York 10010
(212) 974-7474
Attorneys for Plaintiff

2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

STANLEY MOSS AND COMPANY, INC.                )
                                              )
                                              )
                        Plaintiff,            )        Index No. 110981/07
                                              )
        -against-                             )
                                              )
SALANDER-O'REILLY GALLERIES, LLC and          )
LAWRENCE SALANDER,                            )
                                              )
                        Defendants.           )
_____  )

## AFFIRMATION OF SERVICE

**AL J. DANIEL, JR.**, an attorney duly admitted to practice in the courts of New York, declares, pursuant to CPLR § 2106, that, on August 10, 2007, I served true copies of the foregoing Restraining Notices upon Judgment Debtors Salander-O'Reilly Galleries, LLC and Lawrence Salander by certified mail, return receipt requested, to the addresses set forth on the Restraining Notices.

Attached hereto are copies of the Postal Service Return Receipts for defendant Galleries and First Republic Bank, the envelope for the returned Restraining Notice for defendant Salander, my letter to Salander dated September 20, 2007 sending the Restraining Notice to Salander at Galleries, and the Return Receipt for delivery of the Restraining Notice to Salander at Galleries.

Dated:  October 16, 2007
New York, New York

                                      Al J. Daniel, Jr.
                                      COWAN, DeBAETS, ABRAHAMS
                                      & SHEPPARD LLP
                                      41 Madison Avenue, 34th Floor
                                      New York, New York 10010
                                      (212) 974-7474
                                      Fax: (212) 974-8474
                                      Email: adaniel@cdas.com
                                      Attorneys for Plaintiff Moss & Co., Inc.

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Salander-O'Reilly Galleries LLC
22 East 71st Street
New York, N.Y. 10021

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X ☐ Agent ☐ Addressee

B. Received by ( Printed Name)    C. Date of Delivery
Sarah Arnett    8/15/07

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☑ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number
(Transfer from service label)    7005 1820 0002 0870 3243

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

---

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

First Republic Bank
Rockefeller Center
1230 Ave. of Americas.
New York, N.Y. 10020.

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X ☐ Agent ☐ Addressee

B. Received by ( Printed Name)    C. Date of Delivery
8/13/07

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☑ Certified Mail ☐ Express Mail
☐ Registered ☑ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number
(Transfer from service label)    7005 3110 0002 0378 2483

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540