UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
EARL DAVIS,

              Plaintiff,

    v.

SALANDER-O'REILLY GALLERIES LLC
f/k/a SALANDER-O'REILLY GALLERIES INC.,
and LAWRENCE B. SALANDER

              Defendants.
------------------------------------x

Case No. 07 Civ. 4165 (SHS) (DF)

**SUPPLEMENTAL DECLARATION OF DAVID E. MOLLÓN IN SUPPORT OF WINSTON & STRAWN LLP's MOTION FOR LEAVE TO WITHDRAW AS ATTORNEYS OF RECORD**

DAVID E. MOLLÓN, an attorney at law duly admitted to practice before the Courts of the State of New York and the United States District Courts for the Southern and Eastern Districts of New York, hereby declares:

1. I am a member of the law firm Winston & Strawn LLP ("Winston"), resident in the New York office, located at 200 Park Avenue, New York, New York 10166. I submit this supplemental declaration in further support of Winston's motion to withdraw as attorneys of record for Lawrence B. Salander ("Salander"), a Defendant in the above-captioned action ("the Action").

**Service of Order To Show Cause**

2. On October 19, 2007, a copy of the signed Order to Show Cause that was submitted with this motion was personally served on Salander. (Annexed hereto as Exhibit A is a true and correct copy of proof of service of the Order To Show Cause).

### Request To Withdraw From Representation of Salander-O'Reilly Galleries, LLC

3.  For the reasons set forth herein, making it impossible for Winston to continue its representation of Defendant Salander-O'Reilly Galleries LLC (f/k/a Salander O' Reilly Galleries Inc.) ("Galleries") in the Action, Winston hereby requests that it also be permitted to withdraw as attorneys of record for the Galleries.

4.  Since July 2007, Winston has represented both Salander and the Galleries in the Action.

5.  On July 3, 2007, Winston provided the Galleries, Salander and L. Salander LLC, not a party to this action, with an engagement letter that set forth the terms of our representation. (*See* Declaration of David E. Mollón in Support of Motion for Leave to Withdraw as Attorneys of Record for Lawrence B. Salander, dated October 17, 2007 ("Mollón Decl. 10/17/07," Ex. A).

6.  Since the execution of the engagement letter, Winston has undertaken various tasks in representing both Salander and the Galleries in the Action. (*See* Mollón Decl. 10/17/07, ¶¶ 6-8).

7.  The July 3, 2007 engagement letter informed both the Galleries and Salander of Winston's right to withdraw as counsel, stating as follows:

> We reserve the right to withdraw from our representation, if, among other things, the client fails to honor the terms of the engagement letter, the client fails to cooperate or follow our advice on a material matter, or any fact or circumstance which would render our continued relationship unlawful or unethical or would otherwise authorize such termination, subject to the applicable rules of professional conduct. (Mollón Decl. 10/17/07, Ex. A).

8.  Since Winston's submission of its motion papers and Order to Show Cause on October 17, 2007 several events have taken place which have prevented Winston from carrying out its ethical obligations not only to Salander but to the Galleries as well. Going forward, the situation, as described below, is bound to worsen.

2

**Existing Court Orders Have Denied Winston Full Access To The Galleries**

9. Since October 12th the Galleries has been shut down and access has been limited by order of New York State Supreme Court Justice Richard B. Lowe III, who is presiding over *Lennox v. Salander-O'Reilly Galleries, LLC*, No. 602917/07. (A copy of the October 12, 2007 order is annexed hereto as Exhibit B).

10. On October 19, 2007 Justice Lowe issued an additional order which continued the lockdown of the Galleries. (A copy of the October 19, 2007 Order is annexed hereto as Exhibit C). This order was entered without notice to Winston, and, since its entry, Winston has attempted to negotiate an order with Plaintiffs' counsel in *Lennox* that would allow Winston, and necessary individuals, access to the gallery so that Salander and the Galleries may respond to discovery requests, respond to motions and defend themselves in the Action and other pending litigation. Negotiations have reached a stalemate and the parties have thus far agreed only to allow maintenance persons into the gallery to ensure the safety of the art.

11. On October 30, 2007, Justice Lowe also issued an ex parte order granting the New York County District Attorney's office access to the Galleries, so that police officers could conduct a search of the premises pursuant to a search warrant. This search was conducted the same day and, upon information and belief, resulted in the removal of the majority, if not all, of the documents, files and electronic information that would be necessary for Winston to zealously represent Salander and the Galleries in the Action, or any other pending litigation. Upon information and belief, the files retrieved in the search included a significant amount of financial and accounting information and it is unlikely that Winston will gain access to these materials at any time in the near future. Without access to such files, it is impossible for Winston to

negotiate a settlement with Plaintiff in the Action or further litigate on behalf of Salander and the Galleries.

12.     Justice Lowe's orders have had a crippling effect on Winston's ability to negotiate settlement or mount a defense in the Action, because Winston has been allowed extremely limited access to the Galleries, including its books and records. Moreover, the Galleries' employees have been prevented from entering the premises to assist with collecting or preparing information relevant to the Action.

13.     The current state of affairs has rendered Winston little more than a gatekeeper for the Galleries – the firm holds the keys and stands by as others gather necessary information at the firm's expense. Winston's inability to adequately represent both Salander and the Galleries under these circumstances materially impairs our ability zealously to represent its clients.

**Neither The Galleries Nor Salander Can Pay Winston's Fees**

14.     Since undertaking the representation of Salander and the Galleries in July 2007, they have incurred substantial legal fees. Although the Galleries have paid a portion of those fees, both defendants in the Action have been financially crippled by restraining notices served on First Republic Bank by Saundra Lane and Stanley Moss and Company, which effectively preclude them from paying any expenses, including payroll to employees and legal fees and expenses (Annexed hereto as Exhibit D are copies of the restraining notices served on First Republic Bank).

15.     Although this Court and the District of Massachusetts have modified the Lane restraining notice to permit the payment of attorneys' fees for a future bankruptcy filing, the restraining notice served on First Republic Bank by Stanley Moss and Company is still in place and therefore both the Galleries and Salander remain financially frozen; unable to pay for any

4

fees pertaining to the Action, any other pending litigation, or a bankruptcy filing. One telling example of the impact the restraining notices, and closure of the Galleries, have had is the Galleries' recent inability to pay an art expert a $2500 fee for an affidavit that was ordered by Justice Lowe, the payment of which is still being negotiated with First Republic Bank. First Republic Bank has expressed its reluctance to provide any further funding to Salander or the Galleries. As a result, Winston will be unable to retain the necessary expert witnesses in the Action in the near future or pay even basic out of pocket expenses.

**Salander Has Been Unavailable And Is Obtaining Other Counsel**

16. Salander has recently been unavailable to Winston and as employees are not being paid, it is not feasible to confer with gallery employees. We understand that Salander is in discussions to obtain counsel for himself personally.

**Both Salander And Galleries Have Declined To Follow Winston's Advice**

17. Without disclosing privileged communications, we have been unable effectively to persuade our clients to accept recommendations regarding the conduct of these matters, which situation is making it difficult for this firm effectively to represent its clients.

## Conclusion

18.     For the foregoing reasons, and the reasons set forth in my declaration of October 17, 2007 and Winston's supporting memorandum of law, Winston should be permitted to withdraw as attorneys of record for both Salander and the Galleries.

I hereby declare under penalty of perjury that the foregoing is true and correct.

Executed on November 1, 2007

_____/S/_____<br>
DAVID E. MOLLÓN